# EXHIBIT  A



## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SAN FRANCISCO

# Document Scanning Lead Sheet

Apr-10-2019  1:18 pm

Case Number: CGC-19-575169

Filing Date: Apr-10-2019 1:14

Filed by:  KALENE APOLONIO

Image: 06761622

COMPLAINT

COLTON SCHMIDT ET AL VS. AAF PLAYERS, LLC ET AL

001C06761622

**Instructions:**
Please place this sheet on top of the document to be scanned.

Case Info                                                                                            Page 1 of 1

Contact Us

THE SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN FRANCISCO

Case Number: CGC19575169
Title: COLTON SCHMIDT ET AL VS. AAF PLAYERS, LLC ET AL
Cause of Action: CONTRACT/WARRANTY
Generated: 2019-04-17 2:52 pm

Register of Actions     Parties     Attorneys     Calendar     Payments     Documents

Please Note: The "View" document links on this web page are valid until 3:02:36 pm
After that, please refresh your web browser. (by pressing Command +R for Mac, pressing F5 for Windows or clicking the refresh button on your web
browser)

## Register of Actions

Show 10 entries                                                                    Search:

| Date | Proceedings | Document | Fee |
| --- | --- | --- | --- |
| 2019-04-10 | NOTICE TO PLAINTIFF | View | |
| 2019-04-10 | CONTRACT/WARRANTY, COMPLAINT FILED BY PLAINTIFF SCHMIDT, COLTON INDIVIDUALLY AND ON BEHALF OF OTHERS SIMILARLY SITUATED NORTHRUP, REGGIE INDIVIDUALLY AND ON BEHALF OF OTHERS SIMILARLY SITUATED AS TO DEFENDANT AAF PLAYERS, LLC A DELAWARE LIMITED LIABILITY COMPANY, D/B/A THE ALLIANCE OF AMERICAN FOOTBALL DUNDON, THOMAS AN INDIVIDUAL EBERSOL, CHARLES "CHARLIE" AN INDIVIDUAL LEGENDARY FIELD EXHIBITIONS, LLC A DELAWARE LIMITED LIABLITY COMPANY AAF PROPERTIES, LLC A DELAWARE LIMITED LIAIBLITY COMPANY EBERSOL SPORTS MEDIA GROUP, INC. A DELAWARE CORPORATION DOES 1 TO 200 INCLUSIVE SUMMONS ISSUED, JUDICIAL COUNCIL CIVIL CASE COVER SHEET FILED CASE MANAGEMENT CONFERENCE SCHEDULED FOR SEP-11-2019 PROOF OF SERVICE DUE ON JUN-10-2019 CASE MANAGEMENT STATEMENT DUE ON AUG-19-2019 COMPLEX LITIGATION ASSIGNMENT REQUESTED BY FILING PARTIES; FEE INCLUDED IN FILING FEE | View | $1450.00 |

Showing 1 to 2 of 2 entries                                                        Previous   1   Next

EXHIBIT A, PAGE 15

CASE NUMBER: CGC-19-575169  COLTON SCHMIDT ET AL VS. AAF PLAYERS, LLC ET AL

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

DATE: **SEP-11-2019**

TIME: **10:30AM**

PLACE: **Department 610**
**400 McAllister Street**
**San Francisco, CA  94102-3680**

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.  However, it would facilitate the issuance of a case management order **without an appearance**  at the case management conference if the case management statement is filed, served and lodged in Department 610 twenty-five (25) days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.  **This case is eligible for electronic filing and service per Local Rule 2.11.  For more information, please visit the Court's website at www.sfsuperiorcourt.org under Online Services.**

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

## ALTERNATIVE DISPUTE RESOLUTION REQUIREMENTS

**IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE SHOULD PARTICIPATE IN MEDIATION, ARBITRATION, NEUTRAL EVALUATION,  AN EARLY SETTLEMENT CONFERENCE, OR OTHER APPROPRIATE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.**

**(SEE LOCAL RULE 4)**

Plaintiff  **must**  serve a copy of the Alternative Dispute Resolution (ADR) Information Package on each defendant along with the complaint.  (CRC 3.221.) The ADR package may be accessed at www.sfsuperiorcourt.org/divisions/civil/dispute-resolution or you may request a paper copy from the filing clerk.  All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the ADR Information Package prior to filing the Case Management Statement.

**Superior Court Alternative Dispute Resolution Administrator**
**400 McAllister Street, Room 103-A**
**San Francisco, CA  94102**
**(415) 551-3869**

**See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

**ATTORNEY OR PARTY WITHOUT ATTORNEY** (Name, State Bar number, and address):
Jonathan Farahi, Esq. (SBN 324316)
Boris Treyzon, Esq (SBN 188893)
ABIR COHEN TREYZON SALO, LLP
1901 Avenue of the Stars, Suite 935, Los Angeles, CA 90067
TELEPHONE NO.: (424)-288-4367    FAX NO.: (424)-288-4368
ATTORNEY FOR (Name): Plaintiff

**FILED**
San Francisco County Superior Court

APR 10 2019

CLERK OF THE COURT
BY: _____
Deputy Clerk

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS: 400 McAllister Street
CITY AND ZIP CODE: San Francisco CA 94102-4514
BRANCH NAME: Central

**CASE NAME:**
Schmidt, Northrup, et al. v. AAF Players, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder | | CGC-19-575169 |
| | | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: | |
| | | | DEPT: | |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☑ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☑ is   ☐ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☑ Large number of separately represented parties       d. ☑ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel    e. ☐ Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve                in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence          f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action (specify): 8
5. This case ☑ is   ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 04-09-2019
Jonathan Farahi, Esq
(TYPE OR PRINT NAME)                                          ▶ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

BY FAX
ONE LEGAL LLC

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courtinfo.ca.gov |

 

CM-010

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one box for the case type that best describes the case.** If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary cause of action.** To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
   Damage/Wrongful Death
Uninsured Motorist (46) *(if the
   case involves an uninsured
   motorist claim subject to
   arbitration, check this item
   instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/
      Wrongful Death
Product Liability *(not asbestos or
   toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice–
      Physicians & Surgeons
   Other Professional Health Care
      Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip
      and fall)
   Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
   Intentional Infliction of
      Emotional Distress
   Negligent Infliction of
      Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
   Practice (07)
Civil Rights (e.g., discrimination,
   false arrest) *(not civil
   harassment)* (08)
Defamation (e.g., slander, libel)
   (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice
      *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease
      Contract *(not unlawful detainer
         or wrongful eviction)*
   Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/
      Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open
   book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections
      Case
Insurance Coverage *(not provisionally
   complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
   Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
   drugs, check this item; otherwise,
   report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court
      Case Matter
   Writ–Other Limited Court Case
      Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
   *(arising from provisionally complex
   case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of
      County)
   Confession of Judgment *(non-
      domestic relations)*
   Sister State Judgment
   Administrative Agency Award
      *(not unpaid taxes)*
   Petition/Certification of Entry of
      Judgment on Unpaid Taxes
   Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
   above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-
      harassment)*
   Mechanics Lien
   Other Commercial Complaint
      Case *(non-tort/non-complex)*
   Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
   Governance (21)
Other Petition *(not specified
   above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult
      Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late
      Claim
   Other Civil Petition

EXHIBIT A, PAGE 18

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

<table>
<tr><td></td><td><strong>FOR COURT USE ONLY</strong><br><em>(SOLO PARA USO DE LA CORTE)</em></td></tr>
</table>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

AAF Players, LLC, a Delaware Limited Liability Company, d/b/a/ The Alliance of American Football.; See "Additional Parties Attachment."

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Colton Schmidt, individually and on behalf of others similarly situated;
Reggie Northrup, individually and on behalf of others similarly situated,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have **30 CALENDAR DAYS** after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

CASE NUMBER: **CGC-19-575169**
*(Número del Caso):*

San Francisco Superior Court
400 Mcallister Street, San Francisco, CA 94102-4514

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Jonathan Farahi, ABIR COHEN TREYZON SALO, 1901 Ave of the Stars, LA, CA 90067 (424)-288-4367

DATE:
*(Fecha)* APR 1 0 2019    CLERK OF THE COURT, *(Secretario)* KALENE ABOLONIO, Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

**BY FAX**
ONE LEGAL LLC

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

SUM-200(A)

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Schmidt, Northrup, et al. v. AAF Players, et al. | CGC-19-575169 |

**INSTRUCTIONS FOR USE**

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

Thomas Dundon, an individual; Charles "Charlie" Ebersol, an individual; Legendary Field Exhibitions, LLC, a Delaware Limited Liability Company; AAF Properties, LLC, a Delaware Limited Liability Company; Ebersol Sports Media Group, Inc., a Delaware Corporation; and DOES 1 through 200, inclusive,

Page 1 of 1

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

EXHIBIT A, PAGE 20

1  **ABIR COHEN TREYZON SALO, LLP**
   Boris Treyzon, Esq. (SBN 188893)
2  Jonathon Farahi, Esq. (SBN 324316) jfarahi@actslaw.
   com
3  1901 Avenue of the Stars, Suite 935
   Los Angeles, CA 90067
4  Telephone: (424) 288-4367
   Facsimile: (424) 288-4368
5

6  Attorneys for Colton Schmidt and Reggie Northrup
   Attorneys for the Plaintiff Class

**FILED**
San Francisco County Superior Court

APR 1 0 2019

CLERK OF THE COURT
BY: _____
Deputy Clerk

7              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8                       **COUNTY OF SAN FRANCISCO**

9                          **UNLIMITED JURISDICTION**

10

11  Colton Schmidt, individually and on behalf of     Case No. **CGC-19-575169**
    others similarly situated; Reggie Northrup,
12  individually and on behalf of others similarly    **CLASS ACTION**
    situated,                                         **COMPLAINT FOR DAMAGES**
13
                                                      1.  **BREACH OF CONTRACT**
14          Plaintiffs,
                                                      2.  **BREACH OF IMPLIED COVENANT**
15       vs.                                              **OF GOOD FAITH AND FAIR**
                                                         **DEALING**
16  AAF Players, LLC, a Delaware Limited
    Liability Company, d/b/a/ The Alliance of        3.  **PROMISSORY ESTOPPEL**
17  American Football.; Thomas Dundon, an
    individual; Charles "Charlie" Ebersol, an        4.  **FAILURE TO PAY WAGES IN**
18  individual; Legendary Field Exhibitions, LLC,        **VIOLATION OF LABOR CODE §**
    a Delaware Limited Liability Company; AAF            **201, *ET SEQ.***
19  Properties, LLC, a Delaware Limited Liability
    Company; Ebersol Sports Media Group, Inc.,       5.  **VIOLATION OF BUSINESS AND**
20  a Delaware Corporation; and DOES 1 through           **PROFESSIONS CODE § 17200, *ET***
    200, inclusive,                                       ***SEQ.***
21
                                                      6.  **FRAUD**
22          Defendants.
                                                      7.  **FALSE PROMISE**
23
                                                      8.  **INDUCING BREACH OF**
24                                                        **CONTRACT**

25                                                    **DEMAND FOR JURY TRIAL**

26

27                                                                      **BY FAX**
                                                                      ONE LEGAL LLC
28

_____

                    CLASS ACTION COMPLAINT FOR DAMAGES

1    Plaintiffs Colton Schmidt and Reggie Northrup (collectively referred herein as
2  "Plaintiffs"), on behalf of themselves and all others similarly situated, and demanding trial by
3  jury, complain and allege upon information and belief:

**PARTIES**

1.  **Plaintiffs**

a.  Plaintiff Colton Schmidt, ("Plaintiff Schmidt") is, and at all relevant times has
been, citizen and resident of the County of Los Angeles, State of California.
Colton Schmidt was a player in a now-defunct football league commonly
known as the Alliance of American Football ("AAF") owned and operated by
the Defendants herein. The AAF was only operated for eight weeks before
Defendants announced league operations were indefinitely suspended.
Plaintiff Colton Schmidt would not have played in the league, subjecting
himself to serious risk of physical harm or damage to his health, and would not
have foregone other financial opportunities and entered into contracts with the
Defendants as described herein if Plaintiff knew the league was not financially
viable from the outset, and that the intent of its main investor was to
fraudulently, deceptively, and pretextually acquire underlying intellectual
property and/or technology from the league and then cease league operations.

b.  Plaintiff Reggie Northrup, ("Plaintiff Northrup") is, and at all relevant times
has been, a citizen and resident of the County of Orange, State of Florida.
Reggie Northrup was a player in a now-defunct football league commonly
known as the Alliance of American Football ("AAF") owned and operated by
the Defendants herein. The AAF was only operated for eight weeks before
Defendants announced league operations were indefinitely suspended.
Plaintiff Northrup would not have played in the league, subjecting himself to
serious risk of physical harm or damage to his health, and would not have
foregone other financial opportunities and entered into contracts with the

1

CLASS ACTION COMPLAINT FOR DAMAGES

1  Defendants as described herein if Plaintiff knew the league was not financially
2  viable from the outset, and that the intent of its main investor was to
3  fraudulently, deceptively, and pretextually acquire underlying intellectual
4  property and/or technology from the league and then cease league operations.

5  2.  **Defendants**

6  a.  AAF Players, LLC ("League") is, and at all times has been, a Delaware limited
7  liability company with its principal place of business at 149 New Montgomery
8  Street, San Francisco, California. This is the company which entered into the
9  contract with Plaintiff.

10  b.  Defendant Thomas Dundon ("Dundon") is, and at all relevant times has been,
11  a citizen and resident of Dallas, Texas. Defendant Dundon is being sued in his
12  individual capacity.

13  c.  Defendant Charles "Charlie" Ebersol ("Ebersol") is, and at all relevant times
14  has been, a citizen and resident of Los Angeles County, California. Defendant
15  Ebersol is being sued in his individual capacity.

16  d.  Defendant Legendary Field Exhibitions, LLC ("Legendary") is, and at all times
17  has been, a Delaware company with its principal place of business at 149 New
18  Montgomery Street, San Francisco, California. On information and belief, this
19  is a holding company for the assets of the AAF that also serves as an operating
20  entity for the AAF, its assets, and various subsidiaries.

21  e.  Defendant AAF Properties, LLC ("Holding Company") is, and at all times has
22  been, a Delaware company and has its principal place of business at 149 New
23  Montgomery Street, San Francisco, California. On information and belief, this
24  company holds certain AAF assets and serves as an operating entity for the
25  AAF's gaming platform.

26  f.  Defendant Ebersol Sports Media Group, Inc. is, and at all times has been, a
27  Delaware company with its principal place of business at 10866 Wilshire
28  Boulevard, Suite 300, Los Angeles, California. On information and belief,

2

CLASS ACTION COMPLAINT FOR DAMAGES



Ebersol Sports Media Group is a predecessor entity to the AAF, and/or a holding company for Charlie Ebersol's ownership interest in Defendant Legendary Field Exhibitions, LLC.

3.      Each defendant named herein, including DOES 1-200, acted as an agent, joint venturer, employee, associate, assign, partner, contractor, representative, or alter ego of or for the other Defendants regarding the acts, violations, and common course of conduct alleged herein.

4.      Various persons, individuals, partnerships, corporations, businesses form unknown and associations, not named as defendants, have participated as co-conspirators in the violations alleged, and have performed acts and made statements in furtherance thereof.

5.      Plaintiffs do not know the true names and capacities of the Defendants sued as Does 1 through 200, inclusive, and therefore sues those Defendants by fictitious names under California Code of Civil Procedure, section 474. Plaintiffs will amend this Complaint to state the true names and capacities of the fictitiously-named Defendants when those names are ascertained. Plaintiffs are informed and believe, and thereon allege, that each of the fictitiously-named Defendants is legally responsible for the events and damages alleged under the causes of action alleged.

6.      Plaintiffs are informed and believe, and thereon allege, that each of the named and fictitious Defendants identified was the agent, joint venturer, employee, associate, assignee, assignor, partner, contractor, representative, or alter ego of one or more of the other Defendants and was acting in the course and scope of such agency, partnership, joint venture, association and/or employment when the acts causing the causes of action occurred.

## JURISDICTION AND VENUE

7.      Pursuant to California Code of Civil Procedure, section 382, Plaintiffs bring this case individually and as a class action on behalf of all persons who contracted with AAF Players, LLC or were involved with the Alliance of American Football as a player.

8.      At all times, all Defendants and each of them purposely availed themselves of the benefits of the State of California by residing or doing business in California, thereby submitting

3

CLASS ACTION COMPLAINT FOR DAMAGES

EXHIBIT A, PAGE 24



1   to the jurisdiction of the courts of the State.

2         9.     At all times, all Defendants and each of them maintained sufficient contacts with

3   the State of California, by either residing in California or operating the football league's business

4   and management functions in California, such that this Court's exercise of personal jurisdiction

5   over the Defendants does not offend traditional notions of fair play and substantial justice.

6        10.    This Court has jurisdiction over this controversy under Code of Civil Procedure,

7   section 410.10 and the amount in controversy exceeds the $25,000.00 minimum jurisdictional

8   requirement of this Court, exclusive of costs and attorney's fees.

9        11.    Venue as to each Defendant is proper in this judicial district, under California Code

10   of Civil Procedure, section 395(a) and 395.5. Each Defendant either maintains an office, transacts

11   business, has an agent, or is found in the City and County of San Francisco and is within the

12   jurisdiction of this Court for service of process. The unlawful acts alleged directly affected citizens

13   within the State of California, and more particularly, within the City and County of San Francisco.

14   More particularly, the contracts were negotiated and entered into in part, in the State of California

15   and, more particularly, within the City and County of San Francisco. A majority of the acts and

16   decisions leading to and constituting the contract breaches and other wrongs alleged herein

17   occurred in the City and County of San Francisco.

18                       **CLASS ACTION ALLEGATIONS**

19

20        12.    Plaintiffs sue on behalf of themselves and all others similarly situated, as a class

21   action under California Code of Civil Procedure, section 382. The Class which Plaintiffs seek to

22   represent comprises and is defined as all persons who contracted with AAF Players, LLC or

23   were involved with the Alliance of American Football as a player. Specifically excluded from

24   the Class are: the Defendants herein; officers, directors of Defendants; any entity in which any

25   Defendant has a controlling interest; the affiliates, legal representatives, attorneys, heirs, or

26   assigns of any Defendant; and any federal, state or local governmental entity, and any judge,

27   justice, or judicial officers presiding over this matter and the Members of their immediate

28

<hr>

4

CLASS ACTION COMPLAINT FOR DAMAGES

families and judicial staffs.

13. This action has been brought and may properly be maintained as a class action, under California Code of Civil Procedure, section 382 because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable:

a. **Numerosity:** The Class is so numerous that the individual joinder of all members is impracticable under the circumstances. While the exact number of class members is unknown to Plaintiffs at this time, the class is believed to be more than sufficient to satisfy the numerosity requirement of this Court. AAF consisted of eight centrally-operated teams. All players of these teams are members of the Class. Given the number of Class Members, joinder of all Members of the Class is not practicable.

b. **Common Questions Predominate:** Common questions of law and fact exist as to all Members of the Class and predominate over questions which affect only individual Members of the class. These common questions of law and fact include, without limitation:

i. Whether Defendants breached their contracts with the respective Class Members;

ii. Whether Defendants breached the implied covenant of good faith and fair dealing;

iii. Whether Defendants may be prevented from repudiation of their agreements with the Class Members based on promissory estoppel;

iv. Whether Defendants breached California Labor Code, section 201, *et seq.*;

v. Whether Defendants violated California Business and Professions

5

CLASS ACTION COMPLAINT FOR DAMAGES

1     Code, section 17200;

2     vi.  Whether the Defendants committed fraud;

3     vii.  Whether the Defendants are liable for false promises made to Class

4     Members;

5

6     viii.  Whether Defendants are liable for intentional interference with the

7     Class Members' existing contractual relations;

8     ix.  Whether Defendants are liable for inducing breach of the Class

9     Members' contracts with AAF Players, LLC;

10     x.  The effect upon and the extent of injuries sustained by Members of

11     the Class and the appropriate type and/or measure of damages;

12     xi.  The appropriate nature of Class-wide equitable relief.

13

14    c.  **Typicality:** Plaintiffs' claims are typical of the claims of the Members of the

15    Plaintiff Class. Plaintiffs and all Members of the Class sustained injuries and

16    damages arising out of Defendants' common course of conduct in violation

17    of law as complained of herein. The injuries and damages of each member of

18    the Class were caused directly by Defendants' wrongful conduct in violation

19    of law as alleged herein.

20    d.  **Adequacy:** Plaintiffs will fairly and adequately protect the interests of the

21    Members of the Class. Plaintiffs reside in California or contracted with

22    Defendant for a standard form contract to be performed, in whole or in part,

23    in California. Plaintiffs are adequate representatives of the Class as they have

24    no interests adverse to the interests of absent Class Members. Each

25    representative was a contracted player in the AAF or contracted with the

26    AAF Players, LLC. Plaintiffs have retained counsel with substantial

27

28

6

CLASS ACTION COMPLAINT FOR DAMAGES

experience and success in the prosecution of complex actions and mass torts.

e. **Superiority:** A class action is superior to other means for the fair and efficient adjudication of this controversy since individual joinder of all members of the class is impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would engender. The damages suffered by each individual member are the same throughout. The expenses and burden of individual litigation would make it difficult or impossible for individual members of the class to redress the wrongs done to them, while an important public interest will be served by addressing the matter as a class action. The cost to the court system of adjudication of such individualized litigation would be substantial. Individualized litigation would also present the potential for inconsistent or contradictory judgments.

14.    Plaintiffs are unaware of any difficulties likely to be encountered in the management of this action that would preclude its maintenance as a class action.

## GENERAL ALLEGATIONS

15.    As early as May, 2017, Charles "Charlie" Ebersol formed a joint venture or partnership agreement to launch the Alliance of American Football, a new professional football league.

16.    On March 20, 2018, AAF CEO Charlie Ebersol publicly announced the creation of the AAF. Ebersol created the league intending to appear to potential AAF players as a legitimate league that would provide a potential path to a successful career as a future National

7

EXHIBIT A, PAGE 28

Football League player.

17.     On March 20, 2018, AAF CEO Charlie Ebersol stated that all investors in the league understood that the league required patience and wisdom to succeed, "if you are not committed seven to ten years, you are not taking this seriously."

18.     On March 20, 2018, AAF CEO Charlie Ebersol stated that the AAF wanted to find partners who understood that in order to build the league into a successful and viable business, long term and patient investment strategy was necessary. The AAF wanted investors committed to the long-term health of the league and wanted to present itself as stable and secure.

19.     On March 20, 2018 AAF CEO Charlie Ebersol stated, "we are not reinventing football. We want to reinvent the experience . . . to a large degree what we think this is, is a very sober business model, long term plan that over the course of many years is going to build into something worthwhile. We are not trying to boil the entire ocean in the first day."

20.     On information and belief, the AAF owns and centrally operates all eight AAF teams and employs each team's players, coaches, and staff. On further information and belief, the players are not represented by a players' union.

21.     On July 24, 2018, the AAF announced that it was proud to have partnered with the legendary apparel brand, Starter, to be the official on field apparel and game day uniform supplier for all eight teams. This was to be a multi-year deal, clearly indicating that the AAF had aspirations and intentions to run for more than the eight weeks it was operated before it was shutdown.

22.     On October 15, 2018, Reggie Northrup and Defendant AAF Players, LLC entered into a valid three-year term contract (the "Contract"). Reggie Northrup agreed to be bound by all terms and conditions set forth in the agreement. In consideration of the mutual promises, rights, obligations, terms and conditions, Defendant AAF Players, LLC agreed to pay Reggie Northrup

8

CLASS ACTION COMPLAINT FOR DAMAGES

in ten equal payments:

    a.    $70,000 in the league year of 2019;

    b.    $80,000 in the league year of 2020; and

    c.    $100,000 in the league year of 2021.

23.    On January 8, 2019, Colton Schmidt and Defendant AAF Players, LLC entered into a valid three-year term contract (the "Contract"). Colton Schmidt agreed to be bound by all terms and conditions set forth in the agreement. In consideration of the mutual promises, rights, obligations, terms and conditions, Defendant AAF Players, LLC agreed to pay Colton Schmidt in ten equal payments:

    a.    $70,000 in the league year of 2019;

    b.    $80,000 in the league year of 2020; and

    c.    $100,000 in the league year of 2021.

24.    According to the terms of the Contract, Colton Schmidt, Reggie Northrup and Class Members were to "not play football or attempt to play any type of football for any team, league or association of teams other than the team to which Player is allocated by the Alliance, except with the prior written consent of the Alliance."

25.    Each player in the Class signed the exact same standard form contract as Reggie Northrup and Colton Schmidt. Each player owed Defendants the same significant, material conditions, covenants, and obligations under the terms of the Contract.

26.    Defendant owed each player in the class the significant, material conditions, covenants, and obligations under the terms of the Contract.

27.    On information and belief, Plaintiffs and Class Members never received the Football Administration Manual referenced in the Contract. On further information and belief, Defendants never provided Plaintiffs and/or Class Members with the referenced Football

9

CLASS ACTION COMPLAINT FOR DAMAGES

Administration Manual. If Defendants' provide a copy of the Football Administration Manual and proof of service of the Football Administration Manual, Plaintiffs and Class Members will suspend litigation to follow the grievance procedures purportedly set forth in that manual.

28.    On February 9, 2019, the Alliance debuted as the highest rated sports program in primetime on February 9, 2019, on CBS, with additional broadcast partnerships with the NFL Network and Turner Sports adding millions more viewers. Over 6 million people watched the Alliance in its inaugural weekend according to the representations of the AAF itself.

29.    On information and belief, the AAF had an official policy that once the regular season began, players were to stay for the completion of the Alliance season. Players could not seek employment with any other leagues, including the National Football League.

30.    On information and belief, on February 19, 2019, Defendant Dundon committed to providing the AAF a $250 million-dollar line of credit to ensure league operations could continue. Because of this commitment, Dundon became chairman of the board and had full control of the league's future. This commitment was widely disseminated and endorsed by Dundon.

31.    On information and belief, Defendant Dundon was not an initial investor in the AAF.

32.    On information and belief, when Dundon became the AAF's chairman and its primary financial backer, he gained final decision-making authority on all league operations.

33.    During an interview on February 19, 2019, post-investment, Defendant Dundon stated, "[t]here's a difference between commitments and funding. They had the commitments to last a long time, but maybe not the money in the bank. My money is in my bank. I'm sure of it. The amount of money they (AAF) needed for Thursday wasn't an amount of money that would have taken the league down. You could make me feel really good… but the truth is, they had other people, they were talking."

10

CLASS ACTION COMPLAINT FOR DAMAGES

34.    During that same interview on February 19, 2019, post-investment, Defendant Dundon assured many years of ongoing league operations when he said, "[the AAF] didn't have a permanent solution like I provided. That's enough money to run this league for a long time, we're good for many years to come with what I just did."

35.    On February 19, 2019, Charlie Ebersol as the CEO and co-founder of the league, said the league was never in any serious financial jeopardy. Ebersol is quoted as saying in response to Defendant Dundon's investment, "After that first week of games, we were at the height of our valuation and were able to dictate our future."

36.    On information and belief, Dundon purchased a majority stake in the AAF not for the underlying asset of a professional football league, but rather for its intellectual property. Specifically, Dundon sought ownership rights in Defendant Ebersol Sports Media and Defendant Legendary Field Exhibitions, LLC's innovative gambling software application technology and its data.

37.    On information and belief, Dundon's investment in the league was not for the benefit of the league itself or for profits he might have derived from the operation of the football league. The acquisition of the league through his investment was pretext: the true motivation of Defendant Dundon was to acquire the smartphone application intellectual property that could be used for gambling on player performance in fantasy football and real time proposition bets, all tied to player compensation based upon performance.

38.    On information and belief, Defendants are still developing and/or perfecting these technologies despite the cessation of league operations.

39.    On April 2, 2019, Defendant Dundon and Defendant AAF suspended operations of the Alliance of American Football effective immediately. The decision to suspend operations and discontinue games constituted both an anticipatory breach of the contract and a material

11

CLASS ACTION COMPLAINT FOR DAMAGES

1    breach of the contract.

2        40.    On or around April 2, 2019, the AAF announced that its players were now free to

3    pursue other playing opportunities, indicating the suspension of operations is permanent and

4    league operations will not resume.

5        41.    On April 2, 2019, Colton Schmidt, Reggie Northrup and Class Members had

6    performed all significant, material conditions, covenants, and obligations owed to Defendant AAF

7    Players, LLC under the terms of the Contract.

8        42.    On April 2, 2019, Colton Schmidt, Reggie Northrup and Class Members stood

9    ready to perform every significant material condition, covenant, and obligation owed to Defendant

10    AAF Players, LLC under the terms of the Contract for the remaining term.

11        43.    All Class Members entered into the same standard form contract as Reggie

12    Northrup and Colton Schmidt.

13        44.    All Defendants, and each of them, were beneficiaries of AAF Players, LLC's

14    contracts with league players and staff.  Defendants, and each of them, were all involved in

15    cooperative and joint efforts for the operation and management of AAF.

16        45.    On April 2, 2019, Colton Schmidt, Reggie Northrup and Class Members' Contract

17    had not been voided, canceled, or terminated by the Defendants.

18        46.    On April 2, 2019, Defendants were not excused in any way from performing every

19    significant material condition, covenant, and obligated owed to Plaintiffs and Class Members.

///

///

///

///

///

12

CLASS ACTION COMPLAINT FOR DAMAGES

## LIABILITY

## FIRST CAUSE OF ACTION

## BREACH OF CONTRACT

### (Against Defendant AAF Players, LLC)

47.     Plaintiffs incorporate by reference all other paragraphs as if set forth herein.

48.     Plaintiffs and Defendant AAF Players, LLC, entered into a Contract. The Standard Player Agreement, referenced herein as the Contract, was a valid, enforceable contract between Plaintiffs and Defendant AAF Players, LLC, whereby Defendant AAF Players, LLC agreed to pay Plaintiffs certain sums of money for a term of three years and Plaintiffs promised to be bound by all terms and conditions set forth in the Contract.

49.     Class Members each entered into the same exact standard form Contract.

50.     Plaintiffs and Class Members have substantially performed and stand ready to continue to perform every significant material condition, covenant, and obligation owed to Defendant under the terms of the Contract.

51.     Defendant has materially breached the Contract, by among other things, failing and refusing to pay Plaintiffs the annual base compensation in the amounts stated in the Contract. Defendant has clearly and positively indicated, by words and/or conduct, that it will not and cannot meet the Contract requirements.

52.     Defendant's breach directly and proximately caused a reasonably foreseeable injury to Plaintiffs and the Class. All parties knew or could reasonably have foreseen that the harm to Plaintiffs was likely to occur in the ordinary course of events because of the breach of the Contract.

53.     As a direct and proximate result of Defendant's breach of the Contract, Plaintiffs and the Class suffered damages as described above, and in an amount according to proof.

13

CLASS ACTION COMPLAINT FOR DAMAGES

54.    Plaintiffs further seek recovery of all other incidental, consequential, or compensatory damages arising from the breach of contract in an amount to be proven.

55.    Under California Civil Code, section 3287, Plaintiffs and the Class seek pre-judgment interest at the maximum legal rate, from the date of breach until trial.

## SECOND CAUSE OF ACTION

### BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

### (Against Defendant AAF Players, LLC, and Does 1-200)

56.    Plaintiffs incorporate by reference all other paragraphs as if set forth herein.

57.    Plaintiffs and Defendant entered into the Contract in December 2018 and January 2019. The Standard Player Agreement formed a valid, enforceable contract between Plaintiffs and Defendant AAF Players, LLC whereby Defendant agreed to pay Plaintiffs certain sums of money for a term of three years and Plaintiffs promised to be bound by all terms and conditions set forth in the Contract.

58.    Each Class Member entered into the same standard form Contract.

59.    Plaintiffs and Class Members have substantially performed and stand ready to continue to perform every significant material condition, covenant, and obligation owed to Defendant under the terms of the contract.

60.    Each party to the Contract owed the other party an obligation to deal fairly and in good faith with each other. Defendant AAF Players, LLC unfairly interfered with Plaintiffs' rights to receive the conditions, covenants, and obligations owed to them by Defendant AAF Players, LLC under the terms of the Contract.

61.    Defendant's bad faith directly and proximately caused a reasonably foreseeable injury to Plaintiffs and the Class. As a direct and proximate result of Defendant's bad faith, Plaintiffs have suffered damages as described above and, in an amount, according to proof.

14

CLASS ACTION COMPLAINT FOR DAMAGES

62.     Plaintiffs and the Class further seek recovery of all other incidental, consequential, or compensatory damages arising from the breach of contract in an amount to be proven.

63.     Under California Civil Code, section 3287, Plaintiffs and the Class seek pre-judgment interest at the maximum legal rate, from breach until trial.

### THIRD CAUSE OF ACTION

### PROMISSORY ESTOPPEL

### (Against all Defendants, and Does 1-200)

64.     Plaintiffs incorporate by reference all other paragraphs as if set forth herein.

65.     Defendants made promises which Defendants should have reasonably expected would induce Plaintiffs and Class Members to make a substantial change of position, by act and forbearance.

66.     Plaintiffs and each Class member made a justified substantial change of position, by act and forbearance as a direct, proximate result of Defendants' promise.

67.     Injustice can only be avoided if Defendants are forced to perform all the conditions, covenants, and obligations owed to Plaintiffs and Class Members.

68.     Defendants' promises proximately caused a reasonably foreseeable injury to Plaintiffs and each Class member.

69.     As a direct and proximate result of Defendants' promises, Plaintiffs and Class Members have suffered damages as described above and, in an amount, according to proof.

### FOURTH CAUSE OF ACTION

### FAILURE TO PAY WAGES IN VIOLATION OF LABOR CODE § 201, *et seq.*

### (Against Defendant AAF Players, LLC, Ebersol, and Dundon, and Does 1-200)

70.     Plaintiffs incorporate by reference all other paragraphs as if set forth herein.

71.     Section 201 of the California Labor Code requires Defendant AAF Players, LLC

15

CLASS ACTION COMPLAINT FOR DAMAGES

to pay Plaintiffs and Class Members any earned wages, including reimbursable expenses, within 72 hours of the cessation of Plaintiffs' employment.

72.    Section 203 of the California Labor Code provides that if an employer willfully fails to timely pay such wages in accordance with the provisions of section 201, the employer must continue to pay the discharged employee's wages until the back wages are paid in full or an action to recover those wages is commenced, up to a period not to exceed 30 days as a penalty.

73.    To date, Defendants have failed to pay Plaintiffs and Class Members earned monies due under the agreed upon terms of the Contract between Plaintiffs, Class Members, and Defendants. Defendants' failure to pay Plaintiffs and Class Members was and continues to be willful.

74.    As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs have suffered economic damages in an amount to be proven.

75.    As a further and proximate result of Defendant's conduct, Plaintiffs may have the penalties provided for by California Labor Code, section 203.

76.    As a direct and proximate result of Defendants; unlawful conduct and Labor Code violations, Plaintiffs and Class Members may recover attorneys' fees under California Labor Code, section 218.5.

## FIFTH CAUSE OF ACTION

### VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200, *et seq.*

### (Against Defendant AAF Players, LLC, and Does 1-200)

77.    Plaintiffs incorporate by reference all other paragraphs as if set forth herein.

78.    Failing to pay Plaintiffs and Class Members all wages due constitutes an unlawful, unfair or fraudulent business act or practice, in violation of the California Unfair Competition Law provided by the California Business and Professions Code, section 17200.

16

CLASS ACTION COMPLAINT FOR DAMAGES

79.    Orders for payment of wages unlawfully withheld from an employee are a restitutionary remedy authorized by the Business and Professions Code, section 17203.

80.    Plaintiffs and Class Members may have restitution of all such unpaid amounts and reasonable attorneys' fees, in an amount according to proof at time of trial because Plaintiffs and Class Members are former employees from whom wages were unlawfully withheld.

## SIXTH CAUSE OF ACTION

### FRAUD

### (Against all Defendants, and Does 1-200)

81.    Plaintiffs incorporate by reference all other paragraphs as if set forth herein.

82.    Defendants concealed and suppressed a material fact about their intentions for the long-term viability of the Alliance of American Football.

83.    Defendants had to disclose the fact to Plaintiffs and Class Members as an incident of the relationship between Defendants, Plaintiffs, and Class Members. Defendants' silence was wrongful. Once Defendants spoke about the long-term viability of the league, Defendants were obligated to make a full and fair disclosure.

84.    Defendants intentionally concealed or suppressed their disregard for the long-term viability of the league intending to defraud Plaintiffs and Class Members and intended to conceal the fact that the league was insolvent. Instead, Defendants represented that league has obtained enough funding for years of operations.

85.    Plaintiffs were unaware of the fact and would not have acted as they did if they had known of the concealed or suppressed fact. The concealed facts were material in that a reasonable person in Plaintiffs' position would have found it important in determining how he would have acted. Plaintiffs acted reasonably in relying on Defendants' misrepresentations.

86.    Plaintiffs Colton Schmidt, Reggie Northrup and Class Members would not have

17

CLASS ACTION COMPLAINT FOR DAMAGES

played in the league, subjecting themselves to serious risk of physical harm or damage to their health, and would not have foregone other financial opportunities and entered into contracts with the Defendants as described herein if Plaintiffs knew the league was not financially viable from the outset, and that the intent of its main investor was to fraudulently, deceptively, and pretextually acquire underlying intellectual property and/or technology from the league and then cease league operations.

87.    On information and belief, payment was due to Plaintiffs and each Class Members after each game. On further information and belief, Defendants failed to pay Plaintiffs and the respective Class Members after the initial game.

88.    On further information and belief, Plaintiffs and each Class Member continued to subject themselves to serious risk of physical harm or damage to their heath and continued to forego other financial opportunities based on Defendant Dundon and Defendant Ebersol's statements and financial commitment to the league.

89.    As a direct and proximate result of Defendant's misrepresentations, Plaintiffs and Class Members have suffered damages as described above and, in an amount, according to proof.

90.    As a direct and proximate result of Defendant's misrepresentations, Plaintiffs and Class Members pray for punitive damages, in an amount, according to proof.

<u>**SEVENTH CAUSE OF ACTION**</u>

**FALSE PROMISE**

**(Against all Defendants, and Does 1-200)**

91.    Plaintiffs incorporate by reference all other paragraphs as if set forth herein.

92.    Defendants made promises to Plaintiffs and Class Members regarding the long-term longevity and health of the league. Defendants did not intend to perform the promises made when they made the promises.

93.    Defendants intended that Plaintiffs and Class Members rely on their promises. Plaintiffs and Class Members reasonably relied on Defendants' promises.

18

CLASS ACTION COMPLAINT FOR DAMAGES

94.    Defendants did not perform the promised acts.

95.    Plaintiffs and Class Members were harmed and Plaintiffs' and Class Members' reliance on Defendants' promises substantially caused Plaintiffs' and Class Members' harm.

96.    As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs and Class Members have suffered damages in an amount to be proven.

## EIGHTH CAUSE OF ACTION

### INDUCING BREACH OF CONTRACT

**(Against Defendants Dundon, Legendary Field Exhibitions LLC, Ebersol Sports Media Group, Inc., AAF Properties, LLC, and Does 1-200)**

97.    Plaintiffs incorporate by reference all other paragraphs as if set forth herein.

98.    Plaintiffs and Defendant AAF Players, LLC entered into a contract. The Standard Player Agreement formed a valid, enforceable contract between Plaintiffs and Defendants whereby Defendants agreed to pay Plaintiffs certain sums of money for a term of three years and Plaintiffs promised to be bound by all terms set forth in the Contract.

99.    Defendants knew of the valid contract between Plaintiffs and Defendant AAF Players, LLC.

100.    Player Class Members all entered into the same Contract.

101.    Defendants intended to cause AAF Players, LLC to breach the Contract between Plaintiffs, Class Members, and Defendant AAF Players, LLC.

102.    Defendants caused AAF Players, LLC to breach the Contract between Plaintiffs, Class Members, and Defendant AAF Players, LLC.

103.    Defendants' acts harmed Plaintiffs and Class Members, and Defendants' conduct substantially caused Plaintiffs' and Class Members' harm.

104.    As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs and

19
CLASS ACTION COMPLAINT FOR DAMAGES

1 | Class Members have suffered damages in an amount to be proven at trial.

2 | **DAMAGES**

3 | Plaintiffs and Class Members incorporate by reference as if set forth herein every
4 | allegation in the Complaint.

5 | As a direct and proximate result of the acts and omissions of the Defendants alleged
6 | herein, Plaintiffs and Class Members were injured and damaged. The injuries and damages for
7 | which Plaintiffs and Class Members seek compensation from the Defendants include, but are not
8 | limited to:

9 |     a.  Compensatory damages according to proof
10 |     b.  Physical pain and suffering of a past, present, and future nature;
11 |     c.  Emotional pain and suffering of a past, present and future nature;
12 |     d.  Medical bills and expenses of a past, present and future nature
13 |     e.  Loss of earnings;
14 |     f.  Loss of earning capacity;
15 |     g.  Pre-and-post-judgement interest;
16 |     h.  Statutory and discretionary costs; and,
17 |     i.  All such further relief, both general and specific, to which they may be
18 |        entitled to.

19 | **PRAYER FOR RELIEF**

20 | Plaintiffs incorporate by reference as if fully set forth each allegation in the Complaint.
21 | WHEREFORE, Plaintiffs and Class Members pray for damages and other judicial relief:

22 |     1.  That the Court determine this action may be maintained as a class action;
23 |     2.  That Plaintiffs and each and every member of the Class recover threefold the
24 |        damages determined to have been sustained by them, and that joint and several
25 |        judgments for Plaintiffs and every member of the Class, respectively, be entered
26 |        against Defendants and each of them;
27 |     3.  For general damages according to proof during trial;
28 |

20

CLASS ACTION COMPLAINT FOR DAMAGES

4.   For special damages according to proof during trial;

5.   For prejudgment and post-judgment interest according to any provision of law, and according to proof;

6.   For costs of suit and reasonable attorneys' fees as provided by law, including, but not limited to attorneys' fees under California Labor Code, section 218;

7.   For punitive damages as provided by law;

8.   Restitutionary remedies authorized by the Business and Professions Code, section 17203; and

9.   For such other and further relief as the court deems proper.

Dated: April 10, 2019                    Respectfully submitted,

                                         **ABIR COHEN TREYZON SALO, LLP**

                                         By: _____
                                             Boris Treyzon, Esq.
                                             Jonathon Farahi, Esq.
                                             Attorneys for Plaintiffs and Proposed
                                             Plaintiff Class

/ / /

/ / /

/ / /

21

CLASS ACTION COMPLAINT FOR DAMAGES

## DEMAND FOR JURY TRIAL

Plaintiffs, on their own behalf and on behalf of all others similarly situated, respectfully demand a jury trial.

Dated: April 10, 2019

Respectfully submitted,

**ABIR COHEN TREYZON SALO, LLP**

By: _____
Boris Treyzon, Esq.
Jonathon Farahi, Esq.
Attorneys for Plaintiffs and Proposed
Plaintiff Class

22

*CLASS ACTION COMPLAINT FOR DAMAGES*

EXHIBIT A, PAGE 43