# EXHIBIT A

1  Leila Narvid, Bar No. 229402
   ln@paynefears.com
2  Jason I. Bluver, Bar No. 281784
   jib@paynefears.com
3  PAYNE & FEARS LLP
   Attorneys at Law
4  235 Pine Street, Suite 1175
   San Francisco, California 94104
5  Telephone: (415) 738-6850
   Facsimile: (415) 738-6855
6   ---and---
   Jeffrey S. Lowenstein *(pro hac vice to be filed)*
7  jlowenstein@bellnunnally.com
   Alana K. Ackels, Bar No. 277154
8  aackels@bellnunnally.com
   Brent D. Hockaday *(pro hac vice to be filed)*
9  bhockaday@bellnunnally.com
   BELL NUNNALLY & MARTIN
10 2323 Ross Avenue, Suite 1900
   Dallas, Texas 75201
11 Telephone:  (223) 740-1400
   Facsimile:  (223) 740-1499
12
   Attorneys for Defendant THOMAS DUNDON
13

**ELECTRONICALLY**
**F I L E D**
*Superior Court of California,*
*County of San Francisco*

**06/28/2019**
**Clerk of the Court**
BY: JUDITH NUNEZ
Deputy Clerk

14           **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

15                    **COUNTY OF SAN FRANCISCO**

16

17 COLTON SCHMIDT, individually and on
   behalf of others similarly situated; REGGIE
18 NORTHRUP, individually and on behalf of
   others similarly situated,
19
20           Plaintiff,
21      v.
22 AAF PLAYERS, LLC, a Delaware Limited
   Liability Company, d/b/a/ The Alliance of
23 American Football; THOMAS DUNDON, an
   individual; CHARLES "CHARLIE"
24 EBERSON, an individual; LEGENDARY
   FIELD EXHIBITIONS, LLC, a Delaware
25 Limited Liability Company; AAF
   PROPERTIES, LLC, a Delaware Limited
26 Liability Company; EBERSOL SPORTS
   MEDIA GROUP, INC., a Delaware
27 Corporation; and DOES 1 through 200,
   inclusive,
28           Defendants.

Case No. CGC-19-575169

**Assigned For All Purposes To**
**Hon. Garrett L. Wong**
**Courtroom 610**

**NOTICE TO CLERK OF THE SUPERIOR**
**COURT, COUNTY OF SAN FRANCISCO,**
**OF REMOVAL OF CIVIL ACTION TO**
**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF**
**CALIFORNIA**

Action Filed:      April 10, 2019
Trial Date:        None Set

PAYNE & FEARS LLP
ATTORNEYS AT LAW
235 PINE STREET, SUITE 1175
SAN FRANCISCO, CALIFORNIA 94104
(415) 738-6850

NOTICE TO CLERK OF REMOVAL

**TO THE CLERK OF THE SUPERIOR COURT, COUNTY OF SAN FRANCISCO:**

   **PLEASE TAKE NOTICE** that on June 24, 2019, Defendant Thomas Dundon filed in the United States District Court for the Northern District of California his Petition and Notice of Removal of Civil Action Under 28 U.S.C. §§ 1332, 1441, 1446, 1453, 1711, et seq.; and U.S.C. §§ 1334, 1452.  A true and correct copy of this Petition and Notice, and the Declarations of Leila Narvid and Thomas Dundon in support thereof are attached hereto as **Exhibit "1."**

   **PLEASE TAKE FURTHER NOTICE** that pursuant to U.S.C. § 1446(d). the filing of the Petition and Notice in the United States District Court, together with the filing of a copy thereof with this Superior Court, effects the removal of this action and this Superior Court may proceed no further unless and until this action is remanded.

DATED:  June 28, 2019

PAYNE & FEARS LLP
Attorneys at Law

By: _____
LEILA NARVID
JASON I. BLUVER

Attorneys for Defendant THOMAS DUNDON

4849-2101-3915.1

PAYNE & FEARS LLP
ATTORNEYS AT LAW
235 PINE STREET, SUITE 1175
SAN FRANCISCO, CALIFORNIA 94104
(415) 738-8850

-2-
NOTICE TO CLERK OF REMOVAL

# EXHIBIT 1

1  Leila Narvid, Bar No. 229402
   ln@paynefears.com
2  Jason I. Bluver, Bar No. 281784
   jib@paynefears.com
3  PAYNE & FEARS LLP
   235 Pine Street, Suite 1175
4  San Francisco, California 94104
   Telephone: (415) 738-6850
5  Facsimile:  (415) 738-6855
     --- and ---
6  Jeffrey S. Lowenstein (*pro hac vice to be filed*)
   jlowenstein@bellnunnally.com
7  Alana K. Ackels, Bar No. 277154
   aackels@bellnunnally.com
8  Brent D. Hockaday (*pro hac vice to be filed*)
   bhockaday@bellnunnally.com
9  BELL NUNNALLY & MARTIN
   2323 Ross Avenue, Suite 1900
10 Dallas, Texas 75201
   Telephone: (223) 740-1400
11 Facsimile:  (223) 740-1499

12 Attorneys for Defendant THOMAS DUNDON

13              **UNITED STATES DISTRICT COURT**

14            **NORTHERN DISTRICT OF CALIFORNIA**

15 COLTON SCHMIDT, individually and on        Case No.   3:19-cv-3666
   behalf of others similarly situated; REGGIE
16 NORTHRUP, individually and on behalf of     [San Francisco County Superior Court Case
   others similarly situated,                  No. CGC-19-575169]
17
18            Plaintiffs,
                                               **DEFENDANT'S  PETITION AND
19         v.                                  NOTICE OF REMOVAL OF CIVIL
                                               ACTION UNDER 28 U.S.C. §§ 1332, 1441,
20 AAF PLAYERS, LLC, a Delaware Limited        1446, 1453, 1711, et seq.; and 28 U.S.C. §§
   Liability Company, d/b/a/ The Alliance of   1334, 1452**
21 American Football; THOMAS DUNDON, an
   individual; CHARLES "CHARLIE"
22 EBERSOL, an individual; LEGENDARY
   FIELD EXHIBITIONS, LLC, a Delaware
23 Limited Liability Company; AAF
   PROPERTIES, LLC, a Delaware Limited
24 Liability Company; EBERSOL SPORTS
   MEDIA GROUP, INC., a Delaware
25 Corporation; and DOES 1 through 200,
   inclusive,
26
            Defendants.
27
28

PAYNE & FEARS LLP
ATTORNEYS AT LAW
235 PINE STREET, SUITE 1175
SAN FRANCISCO CALIFORNIA 94104
(415) 738-6850

---

DEFENDANT'S PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER
28 U.S.C. §§ 1332, 1441, 1446, 1453, 1711; AND 28 U.S.C. §§ 1334, 1452

TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, AND TO ALL PARTIES, AND THEIR RESPECTIVE COUNSEL OF RECORD:

**PLEASE TAKE NOTICE**, pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d), 1453, 1711, Title 11 of the United States Code, 28 U.S.C. §§ 1334, 1452, and Rule 9027 of the Federal Rules of Bankruptcy Procedure, Defendant Thomas Dundon ("Defendant" or "Dundon") hereby removes this action from the Superior Court of the State of California for the County of San Francisco to the United States District Court for the Northern District of California, on the following grounds:

## I.   THE STATE COURT ACTION

1.     On or about April 10, 2019, Plaintiffs filed an action titled "*Colton Schmidt, individually and on behalf of others similarly situated; Reggie Northrup, individually and on behalf of others similarly situated v. AAF Players, LLC, a Delaware Limited Liability Company, d/b/a/ The Alliance of American Football; Thomas Dundon, an individual; Charles "Charlie" Ebersol, an individual; Legendary Field Exhibitions, LLC, A Delaware Limited Liability Company; AAF Properties, LLC, a Delaware Limited Liability Company; Ebersol Sports Media Group, Inc., a Delaware Corporation; and Does 1 through 200, inclusive,*" in the Superior Court of the State of California, County of San Francisco, Case No. CGC-19-575169 (the "State Court Action").  A true and correct copy of the original Complaint, Summons, and Civil Case Cover Sheet that were filed is attached hereto as **Exhibit "A"** as part of the Index of Exhibits. (*See also* Declaration of Leila Narvid ("Narvid decl.") at ¶ 3.)

2.     The class of plaintiff in the State Court Action are persons who allegedly contracted with or were involved with the Alliance of American Football ("AAF") as players. (*See* Compl. at

PAYNE & FEARS LLP
ATTORNEYS AT LAW
235 PINE STREET, SUITE 1175
SAN FRANCISCO, CALIFORNIA 94104
(415) 738-8850

-2-
DEFENDANT'S PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER
28 U.S.C. §§ 1332, 1441, 1446, 1453, 1711; AND 28 U.S.C. §§ 1334, 1452

EXHIBIT A, PAGE 8

¶ 12.) The Plaintiffs' allegations in the State Court Action all arise from their involvement as players in the AAF. *Id*.

3.      Dundon was served with a copy of Plaintiffs' Complaint and Summons on May 24, 2019. (Narvid decl. at ¶ 4.)

4.      On or about April 10, 2019, the Superior Court issued a Notice to Plaintiff of a Case Management Conference scheduled for September 11, 2019 in Department 610 of the San Francisco County Superior Court.  A true and correct copy of the Notice to Plaintiff is attached hereto as **Exhibit "B"** as part of the Index of Exhibits. (*Id.* at  ¶ 5.)

5.      On or about May 14, 2019, the Superior Court issued an Order Denying Complex Designation for Failure to File Application Requesting Designation.  A true and correct copy of the Superior Court's Order is attached hereto as **Exhibit "C"** as part of the Index of Exhibits.  (*Id.* at ¶ 6.)

6.      On or about May 29, 2019, Plaintiffs filed a Notice and Acknowledgment of Receipt of Summons and Complaint to Dundon.  A true and correct copy of the Notice and Acknowledgment of Receipt is attached hereto as **Exhibit "D"** as part of the Index of Exhibits.  (*Id.* at ¶ 7.)

7.      These constitute the pleadings, process, and orders, either filed but not served, or filed and served, upon or by Plaintiffs and/or Dundon in the State Court Action.  Exhibits "A" through "D" are attached hereto as part of the Index of Exhibits.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
235 PINE STREET, SUITE 1175
SAN FRANCISCO, CALIFORNIA 94104
(415) 738-4850

-3-
DEFENDANT'S PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER
28 U.S.C. §§ 1332, 1441, 1446, 1453, 1711; AND 28 U.S.C. §§ 1334, 1452

II.   **REMOVAL OF THE ENTIRE CLASS ACTION IS PROPER UNDER THE CLASS**
      **ACTION FAIRNESS ACT**

8.    Dundon is authorized to remove this action to this Court pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d), 1453 and 1711 ("CAFA") because Plaintiffs have filed a class action complaint where (1) the defendant (Dundon) is a citizen of a state different from at least one of the Plaintiffs, (2) more than 100 members make up the putative class, and (3) the alleged amount in controversy exceeds $5,000,000.

9.    In order for this Court to exercise original jurisdiction over this case, it must find that this case is a "class action." 28 U.S.C. § 1332(d)(2). Under 28 U.S.C. § 1332(d), the term "class action" means "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute."

10.   Here, there is no dispute that Plaintiffs bring this case as a class action against Dundon. (*See* Compl. at 1:1-3.) In their Complaint, Plaintiffs allege that they "bring this action as a Class Action pursuant to California Code of Civil Procedure section 382 both individually and on behalf of all persons who contracted with AAF Players, LLC or were involved with the Alliance of American Football as a player. (*Id.*, at ¶ 7.) Thus, this case is a "class action" under 28 U.S.C. § 1332(d).

A.    **Minimum Diversity Exists Because Plaintiffs Are Citizens of California and**
      **Florida, Whereas Dundon Is a Citizen of Texas.**

11.   For this Court to exercise original jurisdiction over this case, it must find that minimum diversity exists amongst the parties. 28 U.S.C. § 1332(d)(2). Minimum diversity exists where "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2) – (d)(2)(A).

PAYNE & FEARS LLP
ATTORNEYS AT LAW
235 PINE STREET, SUITE 1175
SAN FRANCISCO, CALIFORNIA 94104
(415) 738-8850

-4-
DEFENDANT'S PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER
28 U.S.C. §§ 1332, 1441, 1446, 1453, 1711; AND 28 U.S.C. §§ 1334, 1452

EXHIBIT A, PAGE 10

12.     For an individual litigant, residency creates a rebuttable presumption of domicile for purposes of establishing diversity of citizenship. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("A person's domicile is his permanent home, where he resides with the intention to remain or to which he intends to return."); *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986) (explaining that residency creates a rebuttable presumption of domicile for purposes of establishing diversity of citizenship).

13.     Here, Plaintiff Colton Schmidt is a resident of the County of Los Angeles, State of California. (Compl., ¶1a.) Plaintiff Reggie Northrup is a resident of the County of Orange, State of Florida. (Compl., ¶1b.)

14.     In contrast to Plaintiffs, Dundon is, and at all times relevant to the Complaint was, a resident of the County of Dallas, State of Texas. (*See* Declaration of Thomas Dundon ("Dundon decl."), ¶ 2.)

15.     Dundon has never been a resident of the State of California. (*Id*. at ¶ 3.) He does not own real property in California, nor has he ever maintained a California driver's license or state identification card. (*Id*. at ¶ 5.)

16.     While Plaintiffs assert claims against "Doe" defendants who are fictitiously named and not served, they are not joined in this Petition and Notice, and shall be disregarded for the purpose of determining removal jurisdiction. 28 U.S.C. § 1441(b)(1). In determining whether diversity of citizenship exists, only the named defendants are considered. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690–91 (9th Cir. 1998) ("28 U.S.C. § 1441(a) explicitly provides that the citizenship of defendants sued under fictitious names shall be disregarded for purposes of removal. As such, the district court was correct in only considering the domicile of the named defendants.").

-5-
DEFENDANT'S PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER
28 U.S.C. §§ 1332, 1441, 1446, 1453, 1711; AND 28 U.S.C. §§ 1334, 1452

PAYNE & FEARS LLP
ATTORNEYS AT LAW
235 PINE STREET, SUITE 1175
SAN FRANCISCO, CALIFORNIA 94104
(415) 738-8650

17.     Because the two named Plaintiffs in this case are citizens of California and Florida, respectively, and Dundon is a citizen of Texas, complete diversity exists between Plaintiffs and Dundon, and there is minimal diversity for purposes of jurisdiction under CAFA.  *See* 28 U.S.C. § 1332(d)(2)(A).

**B.     More Than 100 Members Make Up The Putative Class.**

18.     This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d) if, among the other requirements of section 1332(d), the action involves a putative class of at least 100 persons. *See* 28 U.S.C. § 1332(d)(5)(B).

19.     The putative class is defined in Paragraphs 12 and 13 of the Complaint as "all persons who contracted with AAF Players, LLC or were involved with the Alliance of American Football as a player."  The AAF consisted of eight centrally owned and operated teams of an estimated 52 players each. Thus, the AAF consisted of an estimated 416 "players," for purposes of the putative class.

20.     Should Plaintiffs' putative class be certified (which Dundon opposes), it would consist of more than 100 members. Thus, the exception to CAFA removal under 28 U.S.C. § 1332(d)(5)(B) does not apply.

**C.     The Amount In Controversy Exceeds $5 Million.**

21.     Because this action meets the diversity and numerosity requirements discussed above, this Court has original jurisdiction over this action if "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs . . . ."  28 U.S.C. § 1332(d)(2).  "[T]he claims of the individual class members shall be aggregated to determine whether the amount in

PAYNE & FEARS LLP
ATTORNEYS AT LAW
235 PINE STREET, SUITE 1175
SAN FRANCISCO, CALIFORNIA 94104
(415) 738-6850

-6-
DEFENDANT'S PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER
28 U.S.C. §§ 1332, 1441, 1446, 1453, 1711; AND 28 U.S.C. §§ 1334, 1452

controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6).

22.     When a defendant alleges the amount in controversy exceeds the CAFA threshold, the notice to remove need only include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens,* 574 U.S. 81, 135 S. Ct. 547, 554 (2014); *Clay v. Chobani LLC*, 2015 WL 4743891, at *3 (S.D. Cal. 2015).

23.     A defendant satisfies the amount in controversy for CAFA when it relies on a reasonable chain of logic based on the allegations of the complaint and sufficient evidence to show that the amount in controversy exceeds $5 million. *See LaCross v. Knight Transp. Inc.*, 775 F. 3d 1200, 1201 (9th Cir. 2015); *Ritenour v. Carrington Mortg. Servs. LLC*, 2017 WL 59069, at *2–4 (C.D. Cal. 2017); *Unutoa v. Interstate Hotels & Resorts, Inc.*, 2015 WL 898512, at *2 (C.D. Cal. 2015).

24.     At this stage, a defendant is only required to prove the amount in controversy by a preponderance of the evidence, and in so doing may calculate the amount in controversy based on *reasonable assumptions. Garcia v. Wal-Mart Stores, Inc.*, 2016 WL 6068104, at *5 (C.D. Cal. 2016); *Sanchez  v. The Ritz Carlton*, 2015 WL 4919972, at *3 (C.D. Cal. Aug. 8, 2015). "This is consistent with Congress' intent that CAFA be interpreted expansively." *Ritenour,* 2017 WL 59069, at *4.

25.     Dundon denies Plaintiffs' allegations and denies that any amount of damages for breach of contract, fraud, unpaid wages, penalties, or otherwise, is owed to Plaintiffs or other putative class members. Nonetheless, for purposes of this jurisdictional analysis *only*, the amount in controversy based on Plaintiffs' first cause of action alone exceeds $5,000,000.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
235 PINE STREET, SUITE 1175
SAN FRANCISCO, CALIFORNIA 94104
(415) 738-6850

-7-
DEFENDANT'S PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER
28 U.S.C. §§ 1332, 1441, 1446, 1453, 1711; AND 28 U.S.C. §§ 1334, 1452

26.     Plaintiffs allege that Defendant AAF Players, LLC breached a written contract with each and every member of the putative class by "failing to pay Plaintiffs the annual base compensation in the amounts stated in the contract." (Compl. at ¶ 51.) The "base compensation" alleged by Plaintiffs that have not been paid is, at the very least, "$80,000 in the league year of 2020," and "$100,000 in the league year of 2021." In other words, Plaintiffs allege that each of the estimated 416-member putative class has sustained $180,000 in damages from the alleged breach. A simple calculation establishes that such alleged damages total **$74,880,000**.

27.     Plaintiffs allege nearly identical wage claims against Defendant Dundon in their fourth cause of action. (Compl. at ¶¶ 70-76.)

28.     Based on the foregoing, the amount in controversy requirement under 28 U.S.C. § 1332(d) is met because, based on the allegations in the Complaint, Plaintiffs are seeking to recover more than $5,000,000 in this lawsuit.

## III.    REMOVAL OF THE STATE COURT ACTION IS ALSO PROPER BECAUSE THE BANKRUPTCY COURT HAS JURISDICTION OVER THE CLAIMS ASSERTED IN IT.

29.     Additionally, Dundon is authorized to remove this action to this Court pursuant to 28 U.S.C. §§ 1334 and 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure because it is related to bankruptcy proceedings pending before Chief United States Bankruptcy Judge, Craig A. Gargotta, in the Western District of Texas. Indeed, all but one of Dundon's co-defendants in the State Court Action have filed for bankruptcy in the Western District of Texas.

30.     There are six bankruptcy matters arising out of the Alliance of American Football league operations and closure: *In re Legendary Field Exhibitions, LLC*, No. 19-50900-CAG; *In re AAF Players, LLC*, No. 19-50902-CAG; *In re AAF Properties, LLC*, No. 19-50903-CAG; *In re*

PAYNE & FEARS LLP
ATTORNEYS AT LAW
235 PINE STREET, SUITE 1175
SAN FRANCISCO, CALIFORNIA 94104
(415) 738-8850

-8-

DEFENDANT'S PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER
28 U.S.C. §§ 1332, 1441, 1446, 1453, 1711; AND 28 U.S.C. §§ 1334, 1452

EXHIBIT A, PAGE 14

*Ebersol Sports Media Group, Inc.*, No. 19-50904-CAG; *In re LFE 2, LLC*, No. 19-50905-CAG; and *In re We Are Realtime, LLC*, No. 19-50906-CAG (the "Bankruptcy Cases"). Four of the six debtors in the Bankruptcy Cases are defendants in the State Court Action.  There have been no confirmation hearings in any of the Bankruptcy Cases as of the date of this Petition and Notice of Removal.

31.     U.S. Code Section 1452 states that a "party may remove any claim or cause of action in a civil action . . .to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under Section 1334 of this title." 28 U.S.C. § 1452. Section 1334 provides in pertinent part that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under Title 11, or arising in or related to cases under Title 11." *Id.* § 1334(b).

32.     A district court's pre-confirmation "related to" jurisdiction is an exceptionally broad category encompassing virtually any matter either directly or indirectly related to the bankruptcy case. *In re GACN, Inc.*, 555 B.R. 684, 693 (B.A.P. 9th Cir. 2016) *citing  Wilshire Courtyard v. Cal. Franchise Tax Bd.* 729 F.3d 1279, 1285 (9th Cir.2013).

33.     Indeed, a proceeding is "related to" a pre-confirmation bankruptcy case if "*the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy.*" *In re Fietz* (9th Cir. 1988) 852 F.2d 455, 457 (emphasis in original); *Knapp v. Cardinale*, No. C-12-05076-RMW, 2014 WL 4949522, at *1 (N.D. Cal. Oct. 2, 2014) (same.); *In re Know Weigh, L.L.C.*, 576 B.R. 189, 201 (Bankr. C.D. Cal. 2017) ("An action is 'related to' a bankruptcy case if the outcome of the proceeding could conceivably alter the debtor's rights, liabilities, options or freedom of action (either positively or negatively) in such a way as to impact on the administration of the bankruptcy estate.")

DEFENDANT'S PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER
28 U.S.C. §§ 1332, 1441, 1446, 1453, 1711; AND 28 U.S.C. §§ 1334, 1452

PAYNE & FEARS LLP
ATTORNEYS AT LAW
235 PINE STREET, SUITE 1175
SAN FRANCISCO, CALIFORNIA 94104
(415) 738-8650

34.    Here, this Court has jurisdiction over the State Court Action because it is "related to" the Bankruptcy Cases.[1] *Id*. § 1334(b). The State Court Action is inextricably intertwined with the Bankruptcy Cases. For example:

- Four of the six defendants in the State Court Action are debtors in the Bankruptcy Cases;

- All of the counts against Dundon in the State Court Action arise from his relationship to the debtors;

- There are issues of fact of law common to both the claims asserted by Dundon (as an individual and through Dundon Capital Partners, LLC) against the debtors and the claims asserted by the Plaintiffs against Dundon and the debtors in the State Court Action;

- The general basis of Plaintiffs' claims in the State Court Action are that Dundon, the debtors, and others committed, *inter alia*, a fraud by misleading them about the "long-term viability" of the football league. To the extent there was any fraud, Dundon, too, was a victim of same. Dundon has filed claims in the Bankruptcy Cases asserting that he, too, was defrauded by the debtors concerning the very same issue;

- Plaintiffs allege that Dundon fraudulently attempted to acquire the debtors' "intellectual property and/or technology," which are assets of the debtor's bankruptcy estate and are under the administration of the Bankruptcy Court;

- To the extent that Plaintiffs recover against Dundon, Dundon has indemnity claims against the debtors (which have been asserted in the Bankruptcy Cases);

- Some of Plaintiffs' claims may be owned by the bankruptcy estate.[2]

---

[1] Shortly after removal is effectuated, if the case is not dismissed for lack of personal jurisdiction over Dundon pursuant to Rule 12(b)(2), Dundon will seek to transfer venue of this matter to the bankruptcy court in the Western District of Texas (the "Bankruptcy Court") or, alternatively, the Northern District of Texas.

[2] To the extent that any of the Plaintiffs' claims are actually owned by the bankruptcy estate pursuant to 11 U.S.C. §541, then those claims either "arise in" or "arise under" Title 11 and constitute "core" claims.

-10-

DEFENDANT'S PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER
28 U.S.C. §§ 1332, 1441, 1446, 1453, 1711; AND 28 U.S.C. §§ 1334, 1452

EXHIBIT A, PAGE 16

PAYNE & FEARS LLP
ATTORNEYS AT LAW
235 PINE STREET, SUITE 1175
SAN FRANCISCO, CALIFORNIA 94104
(415) 738-8850

35.     The Plaintiffs' claims in the State Court Action arise out of the same nexus of facts as the Bankruptcy Cases and the outcome of the State Court Action will have an effect on the estate being administered in bankruptcy including, without limitation, the resolution of claims asserted against the estate and, thus, distributions to the debtors' creditors.

36.     Under the standard for "related to" jurisdiction, removal of the State Court Action is proper, and Dundon consents to entry of final orders and judgment by the bankruptcy judge.

## IV.     REMOVAL IS TIMELY

37.     Pursuant to 28 U.S.C. § 1446(b), this case is being removed within thirty days of when Dundon first became aware that it was removable.  *See* 18 U.S.C. § 1446(b) ("[A] notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.").

38.     In this case, the time for removal under CAFA started on May 24, 2019, which is the date the Complaint was served on Dundon. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.* 526 U.S. 344 (thirty-day removal period began to run not when defendant received faxed, file-stamped copy of complaint, but rather, when defendant was later formally served by certified mail); *SteppeChange LLC v. VEON Ltd*., 354 F. Supp. 3d 1033, 1041 (N.D. Cal. 2018) ("Formal service of process, measured from the service date according to state law, is a prerequisite for triggering the 30–day removal period because it assures defendants adequate time to decide whether to remove an action to federal court.")

39.     Pursuant to Rule 9027(a)(2) of the Federal Rules of Bankruptcy Procedure, this case is being removed within ninety days after the order for relief under the Bankruptcy Code was issued.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
235 PINE STREET, SUITE 1175
SAN FRANCISCO, CALIFORNIA 94104
(415) 738-8650

-11-

DEFENDANT'S PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER
28 U.S.C. §§ 1332, 1441, 1446, 1453, 1711; AND 28 U.S.C. §§ 1334, 1452

EXHIBIT A, PAGE 17

1    40.    Pursuant to 11 U.S.C. § 301(b), the filing of a bankruptcy petition constitutes an

2    order for relief.  In this case, the Bankruptcy Cases were filed on April 17, 2019, at which time the

3    order for relief issued. This case is being removed within ninety days of the bankruptcy filings.

4

5    41.    Accordingly, removal of the State Court Action is timely under both the Class Action

6    Fairness Act and the Federal Rules of Bankruptcy Procedure.

7

8    WHEREFORE, Thomas Dundon hereby respectfully removes this action from the Superior

9    Court of California in and for the County of San Francisco to this United States District Court.

10

11   DATED:  June 24, 2019                    PAYNE & FEARS LLP
                                              Attorneys at Law
12

13                                            By:  _____*/s/ Leila Narvid*_____
14                                                     LEILA NARVID
                                                       JASON I. BLUVER
15
                                              Attorneys for Defendant THOMAS DUNDON
16

17

18   DATED:  June 24, 2019                    BELL NUNNALLY & MARTIN
                                              Attorneys at Law
19

20

21                                            By:  _____*/s/ Alana K. Ackels*_____
                                                       JEFFREY S. LOWENSTEIN
22                                                     ALANA K. ACKELS
                                                       BRENT D. HOCKADAY
23
                                              Attorneys for Defendant THOMAS DUNDON
24

25

26

27

28

DEFENDANT'S PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER
28 U.S.C. §§ 1332, 1441, 1446, 1453, 1711; AND 28 U.S.C. §§ 1334, 1452

PAYNE & FEARS LLP
ATTORNEYS AT LAW
235 PINE STREET, SUITE 1175
SAN FRANCISCO, CALIFORNIA 94104
(415) 738-8850

**INDEX OF EXHIBITS**

| EXHIBIT NO. | DESCRIPTION |
|---|---|
| "A" | Class Action Complaint, Summons, and Civil Case Cover Sheet filed in *Colton Schmidt, individually and on behalf of others similarly situated; Reggie Northrup, individually and on behalf of others similarly situated v. AAF Players, LLC, a Delaware Limited Liability Company, d/b/a/ The Alliance of American Football; Thomas Dundon, an individual; Charles "Charlie" Ebersol, an individual; Legendary Field Exhibitions, LLC, A Delaware Limited Liability Company; AAF Properties, LLC, a Delaware Limited Liability Company; Ebersol Sports Media Group, Inc., a Delaware Corporation; and Does 1 through 200, inclusive,* Case No. CGC-19-575169 |
| "B" | Notice to Plaintiff re: Setting of Case Management Conference |
| "C" | Order Denying Complex Designation for Failure to File Application Requesting Designation |
| "D" | Notice and Acknowledgment of Receipt of Summons and Complaint |

4830-9254-5435.1

PAYNE & FEARS LLP
ATTORNEYS AT LAW
235 PINE STREET, SUITE 1175
SAN FRANCISCO, CALIFORNIA 94104
(415) 738-6500

-13-
DEFENDANT'S PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER
28 U.S.C. §§ 1332, 1441, 1446, 1453, 1711; AND 28 U.S.C. §§ 1334, 1452

PAYNE & FEARS LLP
ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

1

## PROOF OF SERVICE

2

*Colton Schmidt, etc., et al. v. AAF Players, LLC, etc., et al.*
*United States District Court, Northern District Case No.* 3:19-cv-3666

3

4

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

5

At the time of service, I was over 18 years of age and **not a party to this action**.  I am
employed in the County of Orange, State of California.  My business address is Jamboree Center,
4 Park Plaza, Suite 1100, Irvine, CA 92614.

6

7

On June 24, 2019, I served true copies of the following document(s) described as
**DEFENDANT'S PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER
28 U.S.C., §§ 1332, 1441, 1446, 1543, 1711, ET SEQ.; AND 28 U.S.C. §§ 1334, 1452** on the
interested parties in this action as follows:

8

9

10

Boris Treyzon, Esq.                                Attorneys for Plaintiff STEVE
Jonathon Farahi, Esq.                              ENRIQUEZ
ABIR COHEN TREYZON SALO, LLP
1901 Avenue of the Stars, Suite 935
Los Angeles, CA 90067
Tel:  (424) 288-4367
Fax: (424) 288-4368
E-Mail:  btreyzon@actslaw.com
                 jfarajo@actslaw.com

11

12

13

14

15

16

17

**BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the
persons at the address listed above and placed the envelope for collection and mailing, following
our ordinary business practices.  I am readily familiar with Payne & Fears LLP's practice for
collecting and processing correspondence for mailing.  On the same day that the correspondence is
placed for collection and mailing, it is deposited in the ordinary course of business with the United
States Postal Service, in a sealed envelope with postage fully prepaid.

18

19

20

I declare under penalty of perjury under the laws of the United States of America that the
foregoing is true and correct and that I am employed in the office of a member of the bar of this
Court at whose direction the service was made.

21

22

Executed on June 24, 2019, at Irvine, California.

23

24

/s/ Terri M. Shaw
_____
Terri M. Shaw

25

26

27

28

PROOF OF SERVICE

# EXHIBIT A



**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF SAN FRANCISCO**

# Document Scanning Lead Sheet

Apr-10-2019  1:18 pm

Case Number: CGC-19-575169

Filing Date: Apr-10-2019 1:14

Filed by:  KALENE APOLONIO

Image: 06761622

COMPLAINT

COLTON SCHMIDT ET AL VS. AAF PLAYERS, LLC ET AL

001C06761622

**Instructions:**
Please place this sheet on top of the document to be scanned.

Case Info                                                                    Page 1 of 1

Contact Us

**THE SUPERIOR COURT OF CALIFORNIA**
COUNTY OF SAN FRANCISCO

Case Number: CGC19575169
Title: COLTON SCHMIDT ET AL VS. AAF PLAYERS, LLC ET AL
Cause of Action: CONTRACT/WARRANTY
Generated: 2019-04-17 2:52 pm

Register of Actions     Parties     Attorneys     Calendar     Payments     Documents

Please Note: The "View" document links on this web page are valid until 3:02:36 pm
After that, please refresh your web browser. (by pressing Command +R for Mac, pressing F5 for Windows or clicking the refresh button on your web browser)

## Register of Actions

Show 10 entries                                                      Search: [        ]

| Date | Proceedings | Document | Fee |
|------|-------------|----------|-----|
| 2019-04-10 | NOTICE TO PLAINTIFF | View | |
| 2019-04-10 | CONTRACT/WARRANTY, COMPLAINT FILED BY PLAINTIFF SCHMIDT, COLTON INDIVIDUALLY AND ON BEHALF OF OTHERS SIMILARLY SITUATED NORTHRUP, REGGIE INDIVIDUALLY AND ON BEHALF OF OTHERS SIMILARLY SITUATED AS TO DEFENDANT AAF PLAYERS, LLC A DELAWARE LIMITED LIABILITY COMPANY, D/B/A THE ALLIANCE OF AMERICAN FOOTBALL DUNDON, THOMAS AN INDIVIDUAL EBERSOL, CHARLES "CHARLIE" AN INDIVIDUAL LEGENDARY FIELD EXHIBITIONS, LLC A DELAWARE LIMITED LIABLITY COMPANY AAF PROPERTIES, LLC A DELAWARE LIMITED LIABLITY COMPANY EBERSOL SPORTS MEDIA GROUP, INC. A DELAWARE CORPORATION DOES 1 TO 200 INCLUSIVE SUMMONS ISSUED, JUDICIAL COUNCIL CIVIL CASE COVER SHEET FILED CASE MANAGEMENT CONFERENCE SCHEDULED FOR SEP-11-2019 PROOF OF SERVICE DUE ON JUN-10-2019 CASE MANAGEMENT STATEMENT DUE ON AUG-19-2019 COMPLEX LITIGATION ASSIGNMENT REQUESTED BY FILING PARTIES; FEE INCLUDED IN FILING FEE | View | $1450.00 |

Showing 1 to 2 of 2 entries                              Previous  1  Next

EXHIBIT A, PAGE 23

CASE NUMBER: CGC-19-575169  COLTON SCHMIDT ET AL VS. AAF PLAYERS, LLC ET AL

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

| | |
|---|---|
| **DATE:** | **SEP-11-2019** |
| **TIME:** | **10:30AM** |
| **PLACE:** | **Department 610** |
| | **400 McAllister Street** |
| | **San Francisco, CA  94102-3680** |

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.  However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 610 twenty-five (25) days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.   **This case is eligible for electronic filing and service per Local Rule 2.11.  For more information, please visit the Court's website at www.sfsuperiorcourt.org under Online Services.**

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

## ALTERNATIVE DISPUTE RESOLUTION REQUIREMENTS

**IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE SHOULD PARTICIPATE IN MEDIATION, ARBITRATION, NEUTRAL EVALUATION,  AN EARLY SETTLEMENT CONFERENCE, OR OTHER APPROPRIATE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.**

**(SEE LOCAL RULE 4)**

Plaintiff  **must**  serve a copy of the Alternative Dispute Resolution (ADR) Information Package on each defendant along with the complaint.  (CRC 3.221.) The ADR package may be accessed at www.sfsuperiorcourt.org/divisions/civil/dispute-resolution or you may request a paper copy from the filing clerk.  All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the ADR Information Package prior to filing the Case Management Statement.

**Superior Court Alternative Dispute Resolution Administrator**
**400  McAllister Street, Room 103-A**
**San Francisco, CA  94102**
**(415) 551-3869**

**See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Jonathan Farahi, Esq. (SBN 324316)<br>Boris Treyzon, Esq (SBN 188893)<br>ABIR COHEN TREYZON SALO, LLP<br>1901 Avenue of the Stars, Suite 935, Los Angeles, CA 90067<br>TELEPHONE NO.: (424)-288-4367   FAX NO.: (424)-288-4368<br>ATTORNEY FOR (Name): Plaintiff | **FILED**<br>*San Francisco County Superior Court*<br>APR 1 0 2019<br>CLERK OF THE COURT<br>BY: *Charlene Johnson*<br>Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS: 400 McAllister Street
CITY AND ZIP CODE: San Francisco CA 94102-4514
BRANCH NAME: Central

| CASE NAME:<br>Schmidt, Northrup, et al. v. AAF Players, et al. | |
|---|---|

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER:<br>**CGC-19-575169** |
|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☑ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☑ is   ☐ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☑ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☑ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action (specify): 8
5. This case ☑ is   ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 04-09-2019
Jonathan Farahi, Esq
_____ (TYPE OR PRINT NAME)

▶ _____ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

BY FAX
ONE LEGAL LLC

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|

 

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
      or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

EXHIBIT A, PAGE 26

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

AAF Players, LLC, a Delaware Limited Liability Company, d/b/a/ The
Alliance of American Football; See "Additional Parties Attachment."

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Colton Schmidt, individually and on behalf of others similarly situated;
Reggie Northrup, individually and on behalf of others similarly situated,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* | CASE NUMBER<br>*(Número del Caso):* **CGC-19-575169** |
|---|---|

San Francisco Superior Court
400 Mcallister Street, San Francisco, CA 94102-4514

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Jonathan Farahi, ABIR COHEN TREYZON SALO, 1901 Ave of the Stars, LA, CA 90067 (424)-288-4367

| DATE:<br>*(Fecha)* APR 1 0 2019 | CLERK OF THE COURT<br>*(Secretario)* KAILENE AROLONIO | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

**BY FAX**
ONE LEGAL LLC

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 (Rev. July 1, 2009) | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courtinfo.ca.gov* |
|---|---|---|

EXHIBIT A, PAGE 27

SUM-200(A)

| SHORT TITLE: Schmidt, Northrup, et al. v. AAF Players, et al. | CASE NUMBER CGC-19-575169 |
| --- | --- |

## INSTRUCTIONS FOR USE

➔ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
➔ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff    ☑ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

Thomas Dundon, an individual; Charles "Charlie" Ebersol, an individual; Legendary Field Exhibitions, LLC, a Delaware Limited Liability Company; AAF Properties, LLC, a Delaware Limited Liability Company; Ebersol Sports Media Group, Inc., a Delaware Corporation; and DOES 1 through 200, inclusive,

Page   1   of   1

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

EXHIBIT A, PAGE 28

1    **ABIR COHEN TREYZON SALO, LLP**
     Boris Treyzon, Esq. (SBN 188893)
2    Jonathon Farahi, Esq. (SBN 324316)~jfarahi@actslaw.com
     1901 Avenue of the Stars, Suite 935
3    Los Angeles, CA 90067
     Telephone: (424) 288-4367
4    Facsimile: (424) 288-4368
5
     Attorneys for Colton Schmidt and Reggie Northrup
6    Attorneys for the Plaintiff Class

**FILED**
San Francisco County Superior Court

APR 1 0 2019

CLERK OF THE COURT
BY: _Ekalene Ambrio_
                    Deputy Clerk

7              SUPERIOR COURT OF THE STATE OF CALIFORNIA
8                      COUNTY OF SAN FRANCISCO
9                        UNLIMITED JURISDICTION
10

| 11 | Colton Schmidt, individually and on behalf of others similarly situated; Reggie Northrup, individually and on behalf of others similarly situated, | Case No.: **CGC-19-575169** |
|---|---|---|
| 12 | | **CLASS ACTION COMPLAINT FOR DAMAGES** |
| 13 | | |
| 14 | Plaintiffs, | 1. **BREACH OF CONTRACT** |
| 15 | vs. | 2. **BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING** |
| 16 | AAF Players, LLC, a Delaware Limited Liability Company, d/b/a/ The Alliance of American Football.; Thomas Dundon, an individual; Charles "Charlie" Ebersol, an individual; Legendary Field Exhibitions, LLC, a Delaware Limited Liability Company; AAF Properties, LLC, a Delaware Limited Liability Company; Ebersol Sports Media Group, Inc., a Delaware Corporation; and DOES 1 through 200, inclusive, | 3. **PROMISSORY ESTOPPEL** |
| 17 | | 4. **FAILURE TO PAY WAGES IN VIOLATION OF LABOR CODE § 201, *ET SEQ.*** |
| 18 | | |
| 19 | | 5. **VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200, *ET SEQ.*** |
| 20 | | |
| 21 | | 6. **FRAUD** |
| 22 | Defendants. | 7. **FALSE PROMISE** |
| 23 | | 8. **INDUCING BREACH OF CONTRACT** |
| 24 | | **DEMAND FOR JURY TRIAL** |

25

26

27                                                          **BY FAX**
                                                    ONE LEGAL LLC
28

─────────────────────────────────────────────
            CLASS ACTION COMPLAINT FOR DAMAGES

Plaintiffs Colton Schmidt and Reggie Northrup (collectively referred herein as "Plaintiffs"), on behalf of themselves and all others similarly situated, and demanding trial by jury, complain and allege upon information and belief:

## PARTIES

1.   **Plaintiffs**

   a.   Plaintiff Colton Schmidt, ("Plaintiff Schmidt") is, and at all relevant times has been, citizen and resident of the County of Los Angeles, State of California. Colton Schmidt was a player in a now-defunct football league commonly known as the Alliance of American Football ("AAF") owned and operated by the Defendants herein. The AAF was only operated for eight weeks before Defendants announced league operations were indefinitely suspended. Plaintiff Colton Schmidt would not have played in the league, subjecting himself to serious risk of physical harm or damage to his health, and would not have foregone other financial opportunities and entered into contracts with the Defendants as described herein if Plaintiff knew the league was not financially viable from the outset, and that the intent of its main investor was to fraudulently, deceptively, and pretextually acquire underlying intellectual property and/or technology from the league and then cease league operations.

   b.   Plaintiff Reggie Northrup, ("Plaintiff Northrup") is, and at all relevant times has been, a citizen and resident of the County of Orange, State of Florida. Reggie Northrup was a player in a now-defunct football league commonly known as the Alliance of American Football ("AAF") owned and operated by the Defendants herein. The AAF was only operated for eight weeks before Defendants announced league operations were indefinitely suspended. Plaintiff Northrup would not have played in the league, subjecting himself to serious risk of physical harm or damage to his health, and would not have foregone other financial opportunities and entered into contracts with the

1

CLASS ACTION COMPLAINT FOR DAMAGES

1    Defendants as described herein if Plaintiff knew the league was not financially

2    viable from the outset, and that the intent of its main investor was to

3    fraudulently, deceptively, and pretextually acquire underlying intellectual

4    property and/or technology from the league and then cease league operations.

5    2.    **Defendants**

6        a.   AAF Players, LLC ("League") is, and at all times has been, a Delaware limited

7             liability company with its principal place of business at 149 New Montgomery

8             Street, San Francisco, California. This is the company which entered into the

9             contract with Plaintiff.

10       b.   Defendant Thomas Dundon ("Dundon") is, and at all relevant times has been,

11            a citizen and resident of Dallas, Texas. Defendant Dundon is being sued in his

12            individual capacity.

13       c.   Defendant Charles "Charlie" Ebersol ("Ebersol") is, and at all relevant times

14            has been, a citizen and resident of Los Angeles County, California. Defendant

15            Ebersol is being sued in his individual capacity.

16       d.   Defendant Legendary Field Exhibitions, LLC ("Legendary") is, and at all times

17            has been, a Delaware company with its principal place of business at 149 New

18            Montgomery Street, San Francisco, California. On information and belief, this

19            is a holding company for the assets of the AAF that also serves as an operating

20            entity for the AAF, its assets, and various subsidiaries.

21       e.   Defendant AAF Properties, LLC ("Holding Company") is, and at all times has

22            been, a Delaware company and has its principal place of business at 149 New

23            Montgomery Street, San Francisco, California. On information and belief, this

24            company holds certain AAF assets and serves as an operating entity for the

25            AAF's gaming platform.

26       f.   Defendant Ebersol Sports Media Group, Inc. is, and at all times has been, a

27            Delaware company with its principal place of business at 10866 Wilshire

28            Boulevard, Suite 300, Los Angeles, California. On information and belief,

2

CLASS ACTION COMPLAINT FOR DAMAGES

1    Ebersol Sports Media Group is a predecessor entity to the AAF, and/or a
2    holding company for Charlie Ebersol's ownership interest in Defendant
3    Legendary Field Exhibitions, LLC.

4    3.    Each defendant named herein, including DOES 1-200, acted as an agent, joint
5    venturer, employee, associate, assign, partner, contractor, representative, or alter ego of or for the
6    other Defendants regarding the acts, violations, and common course of conduct alleged herein.

7    4.    Various persons, individuals, partnerships, corporations, businesses form
8    unknown and associations, not named as defendants, have participated as co-conspirators in the
9    violations alleged, and have performed acts and made statements in furtherance thereof.

10   5.    Plaintiffs do not know the true names and capacities of the Defendants sued as
11   Does 1 through 200, inclusive, and therefore sues those Defendants by fictitious names under
12   California Code of Civil Procedure, section 474.  Plaintiffs will amend this Complaint to state the
13   true names and capacities of the fictitiously-named Defendants when those names are ascertained.
14   Plaintiffs are informed and believe, and thereon allege, that each of the fictitiously-named
15   Defendants is legally responsible for the events and damages alleged under the causes of action
16   alleged.

17   6.    Plaintiffs are informed and believe, and thereon allege, that each of the named and
18   fictitious Defendants identified was the agent, joint venturer, employee, associate, assignee,
19   assignor, partner, contractor, representative, or alter ego of one or more of the other Defendants
20   and was acting in the course and scope of such agency, partnership, joint venture, association
21   and/or employment when the acts causing the causes of action occurred.

22                    **JURISDICTION AND VENUE**

23   7.    Pursuant to California Code of Civil Procedure, section 382, Plaintiffs bring this
24   case individually and as a class action on behalf of all persons who contracted with AAF Players,
25   LLC or were involved with the Alliance of American Football as a player.

26   8.    At all times, all Defendants and each of them purposely availed themselves of the
27   benefits of the State of California by residing or doing business in California, thereby submitting
28

---

3

CLASS ACTION COMPLAINT FOR DAMAGES

1  to the jurisdiction of the courts of the State.

2      9.      At all times, all Defendants and each of them maintained sufficient contacts with

3  the State of California, by either residing in California or operating the football league's business

4  and management functions in California, such that this Court's exercise of personal jurisdiction

5  over the Defendants does not offend traditional notions of fair play and substantial justice.

6      10.     This Court has jurisdiction over this controversy under Code of Civil Procedure,

7  section 410.10 and the amount in controversy exceeds the $25,000.00 minimum jurisdictional

8  requirement of this Court, exclusive of costs and attorney's fees.

9      11.     Venue as to each Defendant is proper in this judicial district, under California Code

10  of Civil Procedure, section 395(a) and 395.5. Each Defendant either maintains an office, transacts

11  business, has an agent, or is found in the City and County of San Francisco and is within the

12  jurisdiction of this Court for service of process. The unlawful acts alleged directly affected citizens

13  within the State of California, and more particularly, within the City and County of San Francisco.

14  More particularly, the contracts were negotiated and entered into in part, in the State of California

15  and, more particularly, within the City and County of San Francisco.  A majority of the acts and

16  decisions leading to and constituting the contract breaches and other wrongs alleged herein

17  occurred in the City and County of San Francisco.

## CLASS ACTION ALLEGATIONS

18

19      12.     Plaintiffs sue on behalf of themselves and all others similarly situated, as a class

20  action under California Code of Civil Procedure, section 382. The Class which Plaintiffs seek to

21  represent comprises and is defined as all persons who contracted with AAF Players, LLC or

22  were involved with the Alliance of American Football as a player. Specifically excluded from

23  the Class are: the Defendants herein; officers, directors of Defendants; any entity in which any

24  Defendant has a controlling interest; the affiliates, legal representatives, attorneys, heirs, or

25  assigns of any Defendant; and any federal, state or local governmental entity, and any judge,

26  justice, or judicial officers presiding over this matter and the Members of their immediate

27

28

4

CLASS ACTION COMPLAINT FOR DAMAGES

EXHIBIT A, PAGE 33

families and judicial staffs.

13.     This action has been brought and may properly be maintained as a class action, under California Code of Civil Procedure, section 382 because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable:

      a.  **Numerosity:** The Class is so numerous that the individual joinder of all members is impracticable under the circumstances. While the exact number of class members is unknown to Plaintiffs at this time, the class is believed to be more than sufficient to satisfy the numerosity requirement of this Court. AAF consisted of eight centrally-operated teams.  All players of these teams are members of the Class. Given the number of Class Members, joinder of all Members of the Class is not practicable.

      b.  **Common Questions Predominate:** Common questions of law and fact exist as to all Members of the Class and predominate over questions which affect only individual Members of the class. These common questions of law and fact include, without limitation:

            i.  Whether Defendants breached their contracts with the respective Class Members;

            ii.  Whether Defendants breached the implied covenant of good faith and fair dealing;

            iii.  Whether Defendants may be prevented from repudiation of their agreements with the Class Members based on promissory estoppel;

            iv.  Whether Defendants breached California Labor Code, section 201, *et seq.*;

            v.  Whether Defendants violated California Business and Professions

5

CLASS ACTION COMPLAINT FOR DAMAGES

Code, section 17200;

   vi.  Whether the Defendants committed fraud;

   vii.  Whether the Defendants are liable for false promises made to Class Members;

   viii.  Whether Defendants are liable for intentional interference with the Class Members' existing contractual relations;

   ix.  Whether Defendants are liable for inducing breach of the Class Members' contracts with AAF Players, LLC;

   x.  The effect upon and the extent of injuries sustained by Members of the Class and the appropriate type and/or measure of damages;

   xi.  The appropriate nature of Class-wide equitable relief.

c. **Typicality:** Plaintiffs' claims are typical of the claims of the Members of the Plaintiff Class. Plaintiffs and all Members of the Class sustained injuries and damages arising out of Defendants' common course of conduct in violation of law as complained of herein. The injuries and damages of each member of the Class were caused directly by Defendants' wrongful conduct in violation of law as alleged herein.

d. **Adequacy:** Plaintiffs will fairly and adequately protect the interests of the Members of the Class. Plaintiffs reside in California or contracted with Defendant for a standard form contract to be performed, in whole or in part, in California. Plaintiffs are adequate representatives of the Class as they have no interests adverse to the interests of absent Class Members. Each representative was a contracted player in the AAF or contracted with the AAF Players, LLC. Plaintiffs have retained counsel with substantial

6

CLASS ACTION COMPLAINT FOR DAMAGES

experience and success in the prosecution of complex actions and mass torts.

e. **Superiority:** A class action is superior to other means for the fair and efficient adjudication of this controversy since individual joinder of all members of the class is impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would engender. The damages suffered by each individual member are the same throughout. The expenses and burden of individual litigation would make it difficult or impossible for individual members of the class to redress the wrongs done to them, while an important public interest will be served by addressing the matter as a class action. The cost to the court system of adjudication of such individualized litigation would be substantial. Individualized litigation would also present the potential for inconsistent or contradictory judgments.

14.   Plaintiffs are unaware of any difficulties likely to be encountered in the management of this action that would preclude its maintenance as a class action.

## GENERAL ALLEGATIONS

15.   As early as May, 2017, Charles "Charlie" Ebersol formed a joint venture or partnership agreement to launch the Alliance of American Football, a new professional football league.

16.   On March 20, 2018, AAF CEO Charlie Ebersol publicly announced the creation of the AAF. Ebersol created the league intending to appear to potential AAF players as a legitimate league that would provide a potential path to a successful career as a future National

7

CLASS ACTION COMPLAINT FOR DAMAGES

1  Football League player.

2      17.    On March 20, 2018, AAF CEO Charlie Ebersol stated that all investors in the

3  league understood that the league required patience and wisdom to succeed, "if you are not

4  committed seven to ten years, you are not taking this seriously."

5  
6      18.    On March 20, 2018, AAF CEO Charlie Ebersol stated that the AAF wanted to find

7  partners who understood that in order to build the league into a successful and viable business,

8  long term and patient investment strategy was necessary.  The AAF wanted investors committed

9  to the long-term health of the league and wanted to present itself as stable and secure.

10      19.    On March 20, 2018 AAF CEO Charlie Ebersol stated, "we are not reinventing

11  football. We want to reinvent the experience . . . to a large degree what we think this is, is a very

12  sober business model, long term plan that over the course of many years is going to build into

13  something worthwhile. We are not trying to boil the entire ocean in the first day."

14      20.    On information and belief, the AAF owns and centrally operates all eight AAF

15  
16  teams and employs each team's players, coaches, and staff. On further information and belief, the

17  players are not represented by a players' union.

18      21.    On July 24, 2018, the AAF announced that it was proud to have partnered with the

19  legendary apparel brand, Starter, to be the official on field apparel and game day uniform supplier

20  for all eight teams. This was to be a multi-year deal, clearly indicating that the AAF had

21  aspirations and intentions to run for more than the eight weeks it was operated before it was

22  
23  shutdown.

24      22.    On October 15, 2018, Reggie Northrup and Defendant AAF Players, LLC entered

25  into a valid three-year term contract (the "Contract"). Reggie Northrup agreed to be bound by all

26  terms and conditions set forth in the agreement. In consideration of the mutual promises, rights,

27  obligations, terms and conditions, Defendant AAF Players, LLC agreed to pay Reggie Northrup

28  

8

CLASS ACTION COMPLAINT FOR DAMAGES

in ten equal payments:

      a.     $70,000 in the league year of 2019;

      b.     $80,000 in the league year of 2020; and

      c.     $100,000 in the league year of 2021.

23.     On January 8, 2019, Colton Schmidt and Defendant AAF Players, LLC entered into a valid three-year term contract (the "Contract"). Colton Schmidt agreed to be bound by all terms and conditions set forth in the agreement. In consideration of the mutual promises, rights, obligations, terms and conditions, Defendant AAF Players, LLC agreed to pay Colton Schmidt in ten equal payments:

      a.     $70,000 in the league year of 2019;

      b.     $80,000 in the league year of 2020; and

      c.     $100,000 in the league year of 2021.

24.     According to the terms of the Contract, Colton Schmidt, Reggie Northrup and Class Members were to "not play football or attempt to play any type of football for any team, league or association of teams other than the team to which Player is allocated by the Alliance, except with the prior written consent of the Alliance."

25.     Each player in the Class signed the exact same standard form contract as Reggie Northrup and Colton Schmidt. Each player owed Defendants the same significant, material conditions, covenants, and obligations under the terms of the Contract.

26.     Defendant owed each player in the class the significant, material conditions, covenants, and obligations under the terms of the Contract.

27.     On information and belief, Plaintiffs and Class Members never received the Football Administration Manual referenced in the Contract. On further information and belief, Defendants never provided Plaintiffs and/or Class Members with the referenced Football

9

CLASS ACTION COMPLAINT FOR DAMAGES

Administration Manual. If Defendants' provide a copy of the Football Administration Manual and proof of service of the Football Administration Manual, Plaintiffs and Class Members will suspend litigation to follow the grievance procedures purportedly set forth in that manual.

28.     On February 9, 2019, the Alliance debuted as the highest rated sports program in primetime on February 9, 2019, on CBS, with additional broadcast partnerships with the NFL Network and Turner Sports adding millions more viewers. Over 6 million people watched the Alliance in its inaugural weekend according to the representations of the AAF itself.

29.     On information and belief, the AAF had an official policy that once the regular season began, players were to stay for the completion of the Alliance season. Players could not seek employment with any other leagues, including the National Football League.

30.     On information and belief, on February 19, 2019, Defendant Dundon committed to providing the AAF a $250 million-dollar line of credit to ensure league operations could continue. Because of this commitment, Dundon became chairman of the board and had full control of the league's future. This commitment was widely disseminated and endorsed by Dundon.

31.     On information and belief, Defendant Dundon was not an initial investor in the AAF.

32.     On information and belief, when Dundon became the AAF's chairman and its primary financial backer, he gained final decision-making authority on all league operations.

33.     During an interview on February 19, 2019, post-investment, Defendant Dundon stated, "[t]here's a difference between commitments and funding. They had the commitments to last a long time, but maybe not the money in the bank. My money is in my bank. I'm sure of it. The amount of money they (AAF) needed for Thursday wasn't an amount of money that would have taken the league down. You could make me feel really good... but the truth is, they had other people, they were talking."

_____
10
CLASS ACTION COMPLAINT FOR DAMAGES

34.     During that same interview on February 19, 2019, post-investment, Defendant Dundon assured many years of ongoing league operations when he said, "[the AAF] didn't have a permanent solution like I provided. That's enough money to run this league for a long time, we're good for many years to come with what I just did."

35.     On February 19, 2019, Charlie Ebersol as the CEO and co-founder of the league, said the league was never in any serious financial jeopardy. Ebersol is quoted as saying in response to Defendant Dundon's investment, "After that first week of games, we were at the height of our valuation and were able to dictate our future."

36.     On information and belief, Dundon purchased a majority stake in the AAF not for the underlying asset of a professional football league, but rather for its intellectual property. Specifically, Dundon sought ownership rights in Defendant Ebersol Sports Media and Defendant Legendary Field Exhibitions, LLC's innovative gambling software application technology and its data.

37.     On information and belief, Dundon's investment in the league was not for the benefit of the league itself or for profits he might have derived from the operation of the football league. The acquisition of the league through his investment was pretext: the true motivation of Defendant Dundon was to acquire the smartphone application intellectual property that could be used for gambling on player performance in fantasy football and real time proposition bets, all tied to player compensation based upon performance.

38.     On information and belief, Defendants are still developing and/or perfecting these technologies despite the cessation of league operations.

39.     On April 2, 2019, Defendant Dundon and Defendant AAF suspended operations of the Alliance of American Football effective immediately. The decision to suspend operations and discontinue games constituted both an anticipatory breach of the contract and a material

---

11

CLASS ACTION COMPLAINT FOR DAMAGES

breach of the contract.

40.   On or around April 2, 2019, the AAF announced that its players were now free to pursue other playing opportunities, indicating the suspension of operations is permanent and league operations will not resume.

41.   On April 2, 2019, Colton Schmidt, Reggie Northrup and Class Members had performed all significant, material conditions, covenants, and obligations owed to Defendant AAF Players, LLC under the terms of the Contract.

42.   On April 2, 2019, Colton Schmidt, Reggie Northrup and Class Members stood ready to perform every significant material condition, covenant, and obligation owed to Defendant AAF Players, LLC under the terms of the Contract for the remaining term.

43.   All Class Members entered into the same standard form contract as Reggie Northrup and Colton Schmidt.

44.   All Defendants, and each of them, were beneficiaries of AAF Players, LLC's contracts with league players and staff.  Defendants, and each of them, were all involved in cooperative and joint efforts for the operation and management of AAF.

45.   On April 2, 2019, Colton Schmidt, Reggie Northrup and Class Members' Contract had not been voided, canceled, or terminated by the Defendants.

46.   On April 2, 2019, Defendants were not excused in any way from performing every significant material condition, covenant, and obligated owed to Plaintiffs and Class Members.

///
///
///
///
///

12

CLASS ACTION COMPLAINT FOR DAMAGES

EXHIBIT A, PAGE 41

**LIABILITY**

**FIRST CAUSE OF ACTION**

**BREACH OF CONTRACT**

**(Against Defendant AAF Players, LLC)**

47. Plaintiffs incorporate by reference all other paragraphs as if set forth herein.

48. Plaintiffs and Defendant AAF Players, LLC, entered into a Contract. The Standard Player Agreement, referenced herein as the Contract, was a valid, enforceable contract between Plaintiffs and Defendant AAF Players, LLC, whereby Defendant AAF Players, LLC agreed to pay Plaintiffs certain sums of money for a term of three years and Plaintiffs promised to be bound by all terms and conditions set forth in the Contract.

49. Class Members each entered into the same exact standard form Contract.

50. Plaintiffs and Class Members have substantially performed and stand ready to continue to perform every significant material condition, covenant, and obligation owed to Defendant under the terms of the Contract.

51. Defendant has materially breached the Contract, by among other things, failing and refusing to pay Plaintiffs the annual base compensation in the amounts stated in the Contract. Defendant has clearly and positively indicated, by words and/or conduct, that it will not and cannot meet the Contract requirements.

52. Defendant's breach directly and proximately caused a reasonably foreseeable injury to Plaintiffs and the Class. All parties knew or could reasonably have foreseen that the harm to Plaintiffs was likely to occur in the ordinary course of events because of the breach of the Contract.

53. As a direct and proximate result of Defendant's breach of the Contract, Plaintiffs and the Class suffered damages as described above, and in an amount according to proof.

---

13

CLASS ACTION COMPLAINT FOR DAMAGES

54.     Plaintiffs further seek recovery of all other incidental, consequential, or compensatory damages arising from the breach of contract in an amount to be proven.

55.     Under California Civil Code, section 3287, Plaintiffs and the Class seek pre-judgment interest at the maximum legal rate, from the date of breach until trial.

## SECOND CAUSE OF ACTION

### BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

### (Against Defendant AAF Players, LLC, and Does 1-200)

56.     Plaintiffs incorporate by reference all other paragraphs as if set forth herein.

57.     Plaintiffs and Defendant entered into the Contract in December 2018 and January 2019. The Standard Player Agreement formed a valid, enforceable contract between Plaintiffs and Defendant AAF Players, LLC whereby Defendant agreed to pay Plaintiffs certain sums of money for a term of three years and Plaintiffs promised to be bound by all terms and conditions set forth in the Contract.

58.     Each Class Member entered into the same standard form Contract.

59.     Plaintiffs and Class Members have substantially performed and stand ready to continue to perform every significant material condition, covenant, and obligation owed to Defendant under the terms of the contract.

60.     Each party to the Contract owed the other party an obligation to deal fairly and in good faith with each other. Defendant AAF Players, LLC unfairly interfered with Plaintiffs' rights to receive the conditions, covenants, and obligations owed to them by Defendant AAF Players, LLC under the terms of the Contract.

61.     Defendant's bad faith directly and proximately caused a reasonably foreseeable injury to Plaintiffs and the Class. As a direct and proximate result of Defendant's bad faith, Plaintiffs have suffered damages as described above and, in an amount, according to proof.

14

CLASS ACTION COMPLAINT FOR DAMAGES

62.     Plaintiffs and the Class further seek recovery of all other incidental, consequential, or compensatory damages arising from the breach of contract in an amount to be proven.

63.     Under California Civil Code, section 3287, Plaintiffs and the Class seek pre-judgment interest at the maximum legal rate, from breach until trial.

## THIRD CAUSE OF ACTION

### PROMISSORY ESTOPPEL

**(Against all Defendants, and Does 1-200)**

64.     Plaintiffs incorporate by reference all other paragraphs as if set forth herein.

65.     Defendants made promises which Defendants should have reasonably expected would induce Plaintiffs and Class Members to make a substantial change of position, by act and forbearance.

66.     Plaintiffs and each Class member made a justified substantial change of position, by act and forbearance as a direct, proximate result of Defendants' promise.

67.     Injustice can only be avoided if Defendants are forced to perform all the conditions, covenants, and obligations owed to Plaintiffs and Class Members.

68.     Defendants' promises proximately caused a reasonably foreseeable injury to Plaintiffs and each Class member.

69.     As a direct and proximate result of Defendants' promises, Plaintiffs and Class Members have suffered damages as described above and, in an amount, according to proof.

### FOURTH CAUSE OF ACTION

#### FAILURE TO PAY WAGES IN VIOLATION OF LABOR CODE § 201, *et seq.*

**(Against Defendant AAF Players, LLC, Ebersol, and Dundon, and Does 1-200)**

70.     Plaintiffs incorporate by reference all other paragraphs as if set forth herein.

71.     Section 201 of the California Labor Code requires Defendant AAF Players, LLC

15

CLASS ACTION COMPLAINT FOR DAMAGES

to pay Plaintiffs and Class Members any earned wages, including reimbursable expenses, within 72 hours of the cessation of Plaintiffs' employment.

72.     Section 203 of the California Labor Code provides that if an employer willfully fails to timely pay such wages in accordance with the provisions of section 201, the employer must continue to pay the discharged employee's wages until the back wages are paid in full or an action to recover those wages is commenced, up to a period not to exceed 30 days as a penalty.

73.     To date, Defendants have failed to pay Plaintiffs and Class Members earned monies due under the agreed upon terms of the Contract between Plaintiffs, Class Members, and Defendants. Defendants' failure to pay Plaintiffs and Class Members was and continues to be willful.

74.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs have suffered economic damages in an amount to be proven.

75.     As a further and proximate result of Defendant's conduct, Plaintiffs may have the penalties provided for by California Labor Code, section 203.

76.     As a direct and proximate result of Defendants; unlawful conduct and Labor Code violations, Plaintiffs and Class Members may recover attorneys' fees under California Labor Code, section 218.5.

## FIFTH CAUSE OF ACTION

### VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200, *et seq.*

### (Against Defendant AAF Players, LLC, and Does 1-200)

77.     Plaintiffs incorporate by reference all other paragraphs as if set forth herein.

78.     Failing to pay Plaintiffs and Class Members all wages due constitutes an unlawful, unfair or fraudulent business act or practice, in violation of the California Unfair Competition Law provided by the California Business and Professions Code, section 17200.

16

CLASS ACTION COMPLAINT FOR DAMAGES

79.     Orders for payment of wages unlawfully withheld from an employee are a restitutionary remedy authorized by the Business and Professions Code, section 17203.

80.     Plaintiffs and Class Members may have restitution of all such unpaid amounts and reasonable attorneys' fees, in an amount according to proof at time of trial because Plaintiffs and Class Members are former employees from whom wages were unlawfully withheld.

### SIXTH CAUSE OF ACTION

### FRAUD

### (Against all Defendants, and Does 1-200)

81.     Plaintiffs incorporate by reference all other paragraphs as if set forth herein.

82.     Defendants concealed and suppressed a material fact about their intentions for the long-term viability of the Alliance of American Football.

83.     Defendants had to disclose the fact to Plaintiffs and Class Members as an incident of the relationship between Defendants, Plaintiffs, and Class Members. Defendants' silence was wrongful. Once Defendants spoke about the long-term viability of the league, Defendants were obligated to make a full and fair disclosure.

84.     Defendants intentionally concealed or suppressed their disregard for the long-term viability of the league intending to defraud Plaintiffs and Class Members and intended to conceal the fact that the league was insolvent. Instead, Defendants represented that league has obtained enough funding for years of operations.

85.     Plaintiffs were unaware of the fact and would not have acted as they did if they had known of the concealed or suppressed fact. The concealed facts were material in that a reasonable person in Plaintiffs' position would have found it important in determining how he would have acted. Plaintiffs acted reasonably in relying on Defendants' misrepresentations.

86.     Plaintiffs Colton Schmidt, Reggie Northrup and Class Members would not have

<hr/>

17

CLASS ACTION COMPLAINT FOR DAMAGES

1   played in the league, subjecting themselves to serious risk of physical harm or damage to their

2   health, and would not have foregone other financial opportunities and entered into contracts with

3   the Defendants as described herein if Plaintiffs knew the league was not financially viable from

4   the outset, and that the intent of its main investor was to fraudulently, deceptively, and pretextually

5   acquire underlying intellectual property and/or technology from the league and then cease league

6   operations.

7       87.   On information and belief, payment was due to Plaintiffs and each Class Members

8   after each game. On further information and belief, Defendants failed to pay Plaintiffs and the

9   respective Class Members after the initial game.

10      88.   On further information and belief, Plaintiffs and each Class Member continued to

11   subject themselves to serious risk of physical harm or damage to their heath and continued to

12   forego other financial opportunities based on Defendant Dundon and Defendant Ebersol's

13   statements and financial commitment to the league.

14      89.   As a direct and proximate result of Defendant's misrepresentations, Plaintiffs and

15   Class Members have suffered damages as described above and, in an amount, according to proof.

16      90.   As a direct and proximate result of Defendant's misrepresentations, Plaintiffs and

17   Class Members pray for punitive damages, in an amount, according to proof.

18                          **SEVENTH CAUSE OF ACTION**

19                                **FALSE PROMISE**

20                      **(Against all Defendants, and Does 1-200)**

21

22      91.   Plaintiffs incorporate by reference all other paragraphs as if set forth herein.

23      92.   Defendants made promises to Plaintiffs and Class Members regarding the long-

24   term longevity and health of the league. Defendants did not intend to perform the promises made

25   when they made the promises.

26      93.   Defendants intended that Plaintiffs and Class Members rely on their promises.

27   Plaintiffs and Class Members reasonably relied on Defendants' promises.

28

---

18

CLASS ACTION COMPLAINT FOR DAMAGES

94.     Defendants did not perform the promised acts.

95.     Plaintiffs and Class Members were harmed and Plaintiffs' and Class Members' reliance on Defendants' promises substantially caused Plaintiffs' and Class Members' harm.

96.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs and Class Members have suffered damages in an amount to be proven.

## EIGHTH CAUSE OF ACTION

## INDUCING BREACH OF CONTRACT

**(Against Defendants Dundon, Legendary Field Exhibitions LLC, Ebersol Sports Media Group, Inc., AAF Properties, LLC, and Does 1-200)**

97.     Plaintiffs incorporate by reference all other paragraphs as if set forth herein.

98.     Plaintiffs and Defendant AAF Players, LLC entered into a contract. The Standard Player Agreement formed a valid, enforceable contract between Plaintiffs and Defendants whereby Defendants agreed to pay Plaintiffs certain sums of money for a term of three years and Plaintiffs promised to be bound by all terms set forth in the Contract.

99.     Defendants knew of the valid contract between Plaintiffs and Defendant AAF Players, LLC.

100.    Player Class Members all entered into the same Contract.

101.    Defendants intended to cause AAF Players, LLC to breach the Contract between Plaintiffs, Class Members, and Defendant AAF Players, LLC.

102.    Defendants caused AAF Players, LLC to breach the Contract between Plaintiffs, Class Members, and Defendant AAF Players, LLC.

103.    Defendants' acts harmed Plaintiffs and Class Members, and Defendants' conduct substantially caused Plaintiffs' and Class Members' harm.

104.    As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs and

---

19

CLASS ACTION COMPLAINT FOR DAMAGES

1  Class Members have suffered damages in an amount to be proven at trial.

2                                    **DAMAGES**

3        Plaintiffs and Class Members incorporate by reference as if set forth herein every

4  allegation in the Complaint.

5        As a direct and proximate result of the acts and omissions of the Defendants alleged

6  herein, Plaintiffs and Class Members were injured and damaged. The injuries and damages for

7  which Plaintiffs and Class Members seek compensation from the Defendants include, but are not

8  limited to:

9          a.   Compensatory damages according to proof

10         b.   Physical pain and suffering of a past, present, and future nature;

11         c.   Emotional pain and suffering of a past, present and future nature;

12         d.   Medical bills and expenses of a past, present and future nature

13         e.   Loss of earnings;

14         f.   Loss of earning capacity;

15         g.   Pre-and-post-judgement interest;

16         h.   Statutory and discretionary costs; and,

17         i.   All such further relief, both general and specific, to which they may be

18              entitled to.

19                              **PRAYER FOR RELIEF**

20       Plaintiffs incorporate by reference as if fully set forth each allegation in the Complaint.

21  WHEREFORE, Plaintiffs and Class Members pray for damages and other judicial relief:

22         1.   That the Court determine this action may be maintained as a class action;

23         2.   That Plaintiffs and each and every member of the Class recover threefold the

24              damages determined to have been sustained by them, and that joint and several

25              judgments for Plaintiffs and every member of the Class, respectively, be entered

26              against Defendants and each of them;

27         3.   For general damages according to proof during trial;

28

20

*CLASS ACTION COMPLAINT FOR DAMAGES*

EXHIBIT A, PAGE 49

4.  For special damages according to proof during trial;

5.  For prejudgment and post-judgment interest according to any provision of law, and according to proof;

6.  For costs of suit and reasonable attorneys' fees as provided by law, including, but not limited to attorneys' fees under California Labor Code, section 218;

7.  For punitive damages as provided by law;

8.  Restitutionary remedies authorized by the Business and Professions Code, section 17203; and

9.  For such other and further relief as the court deems proper.

Dated: April 10, 2019                    Respectfully submitted,

                                         **ABIR COHEN TREYZON SALO, LLP**

                                         By: _____
                                             Boris Treyzon, Esq.
                                             Jonathon Farahi, Esq.
                                             Attorneys for Plaintiffs and Proposed
                                             Plaintiff Class

///

///

///

21

*CLASS ACTION COMPLAINT FOR DAMAGES*

1

2

3

## DEMAND FOR JURY TRIAL

Plaintiffs, on their own behalf and on behalf of all others similarly situated, respectfully

demand a jury trial.

Dated: April 10, 2019

Respectfully submitted,

**ABIR COHEN TREYZON SALO, LLP**

By: _____
Boris Treyzon, Esq.
Jonathon Farahi, Esq.
Attorneys for Plaintiffs and Proposed
Plaintiff Class

22

*CLASS ACTION COMPLAINT FOR DAMAGES*

# EXHIBIT  B

CASE NUMBER: CGC-19-575169  COLTON SCHMIDT ET AL VS. AAF PLAYERS, LLC ET AL

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

| | |
|---|---|
| **DATE:** | **SEP-11-2019** |
| **TIME:** | **10:30AM** |
| **PLACE:** | **Department 610** |
| | **400 McAllister Street** |
| | **San Francisco, CA  94102-3680** |

All parties must appear and comply with Local Rule 3.

> CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference. However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 610 twenty-five (25) days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state. **This case is eligible for electronic filing and service per Local Rule 2.11. For more information, please visit the Court's website at www.sfsuperiorcourt.org under Online Services.**

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

## ALTERNATIVE DISPUTE RESOLUTION REQUIREMENTS

> **IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE SHOULD PARTICIPATE IN MEDIATION, ARBITRATION, NEUTRAL EVALUATION,  AN EARLY SETTLEMENT CONFERENCE, OR OTHER APPROPRIATE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.**
>
> **(SEE LOCAL RULE 4)**

Plaintiff **must** serve a copy of the Alternative Dispute Resolution (ADR) Information Package on each defendant along with the complaint.  (CRC 3.221.) The ADR package may be accessed at www.sfsuperiorcourt.org/divisions/civil/dispute-resolution or you may request a paper copy from the filing clerk.  All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the ADR Information Package prior to filing the Case Management Statement.

**Superior Court Alternative Dispute Resolution Administrator**
**400  McAllister Street, Room 103-A**
**San Francisco, CA  94102**
**(415) 551-3869**

**See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.**

EXHIBIT A, PAGE 53

# EXHIBIT  C

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SAN FRANCISCO
400 MCALLISTER STREET, SAN FRANCISCO, CA 94102-4514

COLTON SCHMIDT et al

PLAINTIFF (S)

VS.

AAF PLAYERS, LLC et al

DEFENDANT (S)

**Department 304**

**NO. CGC-19-575169**

**Order Denying Complex Designation For Failure to File Application Requesting Designation**

ATTENTION ALL COUNSEL AND SELF-REPRESENTED PARTIES:

Complex Designation is DENIED without prejudice. The Application for Approval of Complex Designation has not been filed and provided to Department 304 pursuant to San Francisco Superior Court Local Rule 3.5.

Pursuant to Government Code §70616, et seq., parties who do not plan to file an Application for Complex Designation may seek a refund of any complex litigation fees that they have paid.

IT IS SO ORDERED.

DATED: MAY-14-2019

Anne-Christine Massullo

JUDGE

Order Denying Complex Designation For Failure to File Application Requesting Designation
Form 000015

CERTIFICATE OF SERVICE BY MAIL

I, the undersigned, certify that I am an employee of the Superior Court of California, County of San Francisco and not a party to
the above-entitled cause and that on MAY-14-2019 I served the attached Order Denying Complex Designation For Failure to File
Application Requesting Designation by placing a copy thereof in an envelope addressed to all parties to this action as listed below.
I then placed the envelope in the outgoing mail at 400 McAllister Street, San Francisco, CA 94102, on the date indicated above
for collection, sealing of the envelope, attachment of required prepaid postage, and mailing on that date, following standard court
practice.

Dated : MAY-14-2019                        By: MARIA OLOPERNES

BORIS TREYZON (188893)
ABIR COHEN TREYZON SALO, LLP
1901 AVENUE OF THE STARS
SUITE 935
LOS ANGELES, CA 90067

EXHIBIT A, PAGE 56

# EXHIBIT  D

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: 188893 | FOR COURT USE ONLY |
|---|---|
| Boris Treyzon, Esq.<br>Jonathon Farahi, Esq. (SBN 324316)<br>Abir Cohen Treyzon Salo, LLP<br>1901 Avenue of the Stars, Ste 935, Los Angeles, California 90067<br>TELEPHONE NO.: (424) 288-4367    FAX NO. *(Optional)*: (424) 288-4368<br>E-MAIL ADDRESS *(Optional)*: jfarahi@actslaw.com<br>ATTORNEY FOR *(Name)*: Plaintiffs Colton Schmidt, et al. | **ELECTRONICALLY**<br>**F I L E D**<br>Superior Court of California,<br>County of San Francisco<br><br>**05/29/2019**<br>**Clerk of the Court**<br>BY: YOLANDA TABO-RAMIREZ<br>Deputy Clerk |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco |
|---|
| STREET ADDRESS: 400 Mcallister Street |
| MAILING ADDRESS: Same as above |
| CITY AND ZIP CODE: San Francisco 94102 |
| BRANCH NAME: Central |

| PLAINTIFF/PETITIONER: Colton Schmidt, et al. |
|---|
| DEFENDANT/RESPONDENT: AAF Players, LLC, et al. |

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>CGC-19-575169 |
|---|---|

TO *(insert name of party being served)*: Defendant Thomas Dundon, c/o Bell Nunnally & Martin, LLP

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: Date of e-mailing: May 7, 2019

Elizabeth Isusquiza
_____            ▶
(TYPE OR PRINT NAME)                                      (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing)*:
1. [✓]  A copy of the summons and of the complaint.
2. [ ]   Other *(specify)*:

*(To be completed by recipient):*

Date this form is signed: May 24, 2019

Alana Ackels on behalf of Thomas Dundon          _____ — counsel for Thomas Dundon
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,              (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)                                    ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL | Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov |
|---|---|---|

| From: | ECF-CAND@cand.uscourts.gov |
|---|---|
| To: | efiling@cand.uscourts.gov |
| Subject: | Activity in Case 3:19-cv-03666 Schmidt et al v. AAF Players LLC et al Notice of Removal |
| Date: | Monday, June 24, 2019 4:48:18 PM |

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

### U.S. District Court

### California Northern District

## Notice of Electronic Filing

The following transaction was entered by Bluver, Jason on 6/24/2019 at 4:47 PM and filed on 6/24/2019

| **Case Name:** | Schmidt et al v. AAF Players LLC et al |
|---|---|
| **Case Number:** | 3:19-cv-03666 |
| **Filer:** | Thomas Dundon |
| **Document Number:** | 1 |

**Docket Text:**
**NOTICE OF REMOVAL from San Francisco County Superior Court. Their case number is CGC-19-575169. (Filing fee $400 receipt number 0971-13463769). Filed byThomas Dundon. (Attachments: # (1) Exhibit A to Notice of Removal, # (2) Exhibit B to Notice of Removal, # (3) Exhibit C to Notice of Removal, # (4) Exhibit D to Notice of Removal, # (5) Civil Cover Sheet, # (6) Certification of Interested Parties, # (7) Declaration, # (8) Declaration)(Bluver, Jason) (Filed on 6/24/2019)**

**3:19-cv-03666 Notice has been electronically mailed to:**

Jason I Bluver     jib@paynefears.com, tshaw@paynefears.com

**3:19-cv-03666 Please see Local Rule 5-5; Notice has NOT been electronically mailed to:**

Colton Schmidt

Reggie Northrup

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**C:\fakepath\Petition and Notice of Removal.pdf
**Electronic document Stamp:**
[STAMP CANDStamp_ID=977336130 [Date=6/24/2019] [FileNumber=15980679-0]
[5566bd3dcf5320752543e3fa17a160cd736102fd671cbd06cb6985689f13db90fe2d
3207afaa7bb1b451cdc6a50baf46009d0bc577efc62887e22d87f7bb2b98]]
**Document description:**Exhibit A to Notice of Removal
**Original filename:**C:\fakepath\Exh. A to Petition for Removal.pdf
**Electronic document Stamp:**
[STAMP CANDStamp_ID=977336130 [Date=6/24/2019] [FileNumber=15980679-1]
[9c7abc324343b333f364c2e3f79df04415b756e43059adf5b693034afb768f4838e4
fa12e4309cd32b307014eb120c36de7af2660a5d66526483a51847eb23d6]]
**Document description:**Exhibit B to Notice of Removal
**Original filename:**C:\fakepath\Exh. B to Petition for Removal.pdf
**Electronic document Stamp:**
[STAMP CANDStamp_ID=977336130 [Date=6/24/2019] [FileNumber=15980679-2]
[3470395bf8de40e9fe9fb8c16e30e9409ca772d4e2095c27c2cf54a8e9e4ccbc28a5
f19514860afc9af1cb5639ea8df52ef1b08d5b3d96fe2073243e052b62fd]]
**Document description:**Exhibit C to Notice of Removal
**Original filename:**C:\fakepath\Exh. C to Petition for Removal.pdf
**Electronic document Stamp:**
[STAMP CANDStamp_ID=977336130 [Date=6/24/2019] [FileNumber=15980679-3]
[3aaeab2f59d6d28a95d8059abc44cdb0399d89b55c1f126f325918977274d26f60cd
a267ccda75269bbcc0034ab6994c9bdb92db6049ea6af1037e9a6c3949f0]]
**Document description:**Exhibit D to Notice of Removal
**Original filename:**C:\fakepath\Exh. D to Petition for Removal.pdf
**Electronic document Stamp:**
[STAMP CANDStamp_ID=977336130 [Date=6/24/2019] [FileNumber=15980679-4]
[997a19faecb428a44c346d55ed6566aa722f125edbd38348485ec1a974ec76adfcdc
8ef9801780e3449350c2e48e742ab959c75a40e44efc49500ed5ecaeb106]]
**Document description:**Civil Cover Sheet
**Original filename:**C:\fakepath\Civil Cover Sheet.pdf
**Electronic document Stamp:**
[STAMP CANDStamp_ID=977336130 [Date=6/24/2019] [FileNumber=15980679-5]
[711f7f0384f855d6c0448ab5db1bb093809e75dec34f3f87371e6cf46a6659d6cb4a
f82e4d94a6080cfd63ee772ccfe94acb8e44b9222fa5717a1ec56ac8942b]]
**Document description:** Certification of Interested Parties
**Original filename:**C:\fakepath\Certification of Interested Parties.pdf
**Electronic document Stamp:**
[STAMP CANDStamp_ID=977336130 [Date=6/24/2019] [FileNumber=15980679-6]
[1a2e181866f92e9357f50856582b848e68a82256dddc49a7baa62a959686119e514c
d9e529005c733c2dae66220592b7864f97b7abb2e890448c3789887b1654]]
**Document description:**Declaration
**Original filename:**C:\fakepath\Decl. of Leila Narvid.pdf
**Electronic document Stamp:**
[STAMP CANDStamp_ID=977336130 [Date=6/24/2019] [FileNumber=15980679-7]
[717f41bf2596579608a4a8fd012521db55bff67287e9afff93aeadca820f1f4580e7
b468e075a789948c62ef33e9dd015c30718f0818cc8d1d85db25957d8bcb]]

**Document description:**Declaration
**Original filename:**C:\fakepath\Decl. of Thomas Dundon.pdf
**Electronic document Stamp:**
[STAMP CANDStamp_ID=977336130 [Date=6/24/2019] [FileNumber=15980679-8]
[300cccb19069bd30552bd2d67783c3c9eedacbbad05eb23fdb544d7b05ee3e6ca284
2690a8d3c49ab1f3fb2d0591b50c239e9d58ebdfa4b7d3e93b4ea5f6d1ad]]

Leila Narvid, Bar No. 229402
ln@paynefears.com
Jason I. Bluver, Bar No. 281784
jib@paynefears.com
PAYNE & FEARS LLP
235 Pine Street, Suite 1175
San Francisco, California 94104
Telephone: (415) 738-6850
Facsimile: (415) 738-6855
    --- and ---
Alana K. Ackels, (*pro hac vice pending*)
aackels@bellnunnally.com
Brent A. Turman, (*pro hac vice pending*)
bturman@bellnunnally.com
BELL NUNNALLY & MARTIN
2323 Ross Avenue, Suite 1900
Dallas, Texas 75201
Telephone: (223) 740-1400
Facsimile: (223) 740-1499

Attorneys for Defendant THOMAS DUNDON

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| COLTON SCHMIDT, individually and on behalf of others similarly situated; REGGIE NORTHRUP, individually and on behalf of others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> AAF PLAYERS, LLC, a Delaware Limited Liability Company, d/b/a/ The Alliance of American Football; THOMAS DUNDON, an individual; CHARLES "CHARLIE" EBERSOL, an individual; LEGENDARY FIELD EXHIBITIONS, LLC, a Delaware Limited Liability Company; AAF PROPERTIES, LLC, a Delaware Limited Liability Company; EBERSOL SPORTS MEDIA GROUP, INC., a Delaware Corporation; and DOES 1 through 200, inclusive, <br><br> Defendants. | Case No. 3:19-cv-3666 <br><br> [San Francisco County Superior Court Case No. CGC-19-575169] <br><br> **DECLARATION OF LEILA NARVID IN SUPPORT OF DEFENDANT'S PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441, 1446, 1453,1711; and 28 U.S.C. §§ 1334, 1452** |

PAYNE & FEARS LLP
ATTORNEYS AT LAW
235 PINE STREET, SUITE 1175
SAN FRANCISCO CALIFORNIA 94104
(415) 738-6850

## DECLARATION OF LEILA NARVID

I, Leila Narvid, hereby declare and state as follows:

1.      I am an attorney at law, duly licensed to practice before all courts in the State of California and the Northern District of California.  I am a partner with the law firm of Payne & Fears LLP, attorneys of record for Defendant Thomas Dundon ("Defendant").

2.      I make this declaration in support of Defendant Thomas Dundon's Petition and Notice of Removal of Civil Action Under 28 U.S.C. §§ 1332, 1441, 1446, 1453, 1711; and 28 U.S.C. §§ 1334, 1452.  I am familiar with the facts and proceedings of this case and would testify competently from my personal knowledge if called to testify and sworn as a witness.

3.      On or about April 10, 2019, Plaintiffs filed an action titled "*Colton Schmidt, individually and on behalf of others similarly situated; Reggie Northrup, individually and on behalf of others similarly situated v. AAF Players, LLC, a Delaware Limited Liability Company, d/b/a/ The Alliance of American Football; Thomas Dundon, an individual; Charles "Charlie" Ebersol, an individual; Legendary Field Exhibitions, LLC, A Delaware Limited Liability Company; AAF Properties, LLC, a Delaware Limited Liability Company; Ebersol Sports Media Group, Inc., a Delaware Corporation; and Does 1 through 200, inclusive,*" in the Superior Court of the State of California, County of San Francisco, Case No. CGC-19-575169 (the "State Court Action").  A true and correct copy of the original Complaint, Summons, and Civil Case Cover Sheet that were filed is attached to the Notice of Removal, filed concurrently herewith, as **Exhibit "A"** as part of the Index of Exhibits.

4.      Defendant Dundon was served with a copy of Plaintiff's Complaint and Summons on May 24, 2019.

---

-2-

DECLARATION OF LEILA NARVID IN SUPPORT OF DEFENDANT'S PETITION AND NOTICE OF
REMOVAL OF CIVIL ACTION

PAYNE & FEARS LLP
ATTORNEYS AT LAW
235 PINE STREET, SUITE 1175
SAN FRANCISCO, CALIFORNIA 94104
(415) 738-8850

1      5.     On or about April 10, 2019, the Superior Court issued a Notice to Plaintiff of a

2  Case Management Conference scheduled for September 11, 2019 in Department 610 of the San

3  Francisco County Superior Court.  A true and correct copy of the Notice to Plaintiff is attached to

4  the Notice of Removal as **Exhibit "B"** as part of the Index of Exhibits.

5

6      6.     On or about May 14, 2019, the Superior Court issued an Order Denying Complex

7  Designation for Failure to File Application Requesting Designation.  A true and correct copy of

8  the Superior Court's Order is attached to the Notice of Removal as **Exhibit "C"** as part of the

9  Index of Exhibits.

10

11     7.     On or about May 29, 2019, Plaintiffs filed a Notice and Acknowledgment of

12  Receipt of Summons and Complaint to Dundon.  A true and correct copy of the Notice and

13  Acknowledgment of Receipt is attached to the Notice of Removal as **Exhibit "D"** as part of the

14  Index of Exhibits.

15

16

17

18     I declare under penalty of perjury under the laws of the United States of America that the

19  foregoing is true and correct and that this declaration was executed in San Francisco, California on

20  June 24, 2019.

21

22

23

24     By:  _____
                    */s/ Leila Narvid*
                      LEILA NARVID

25

26

27

28

PAYNE & FEARS LLP
ATTORNEYS AT LAW
235 PINE STREET, SUITE 1175
SAN FRANCISCO, CALIFORNIA 94104
(415) 738-8850

-3-

DECLARATION OF LEILA NARVID IN SUPPORT OF DEFENDANT'S PETITION AND NOTICE OF
REMOVAL OF CIVIL ACTION

**PROOF OF SERVICE**

*Colton Schmidt, etc., et al. v. AAF Players, LLC, etc., et al.*
*United States District Court, Northern District Case No.*3:19-cv-3666

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and **not a party to this action**.  I am employed in the County of Orange, State of California.  My business address is Jamboree Center, 4 Park Plaza, Suite 1100, Irvine, CA 92614.

On June 24, 2019, I served true copies of the following document(s) described as **DECLARATION OF LEILA NARVID IN SUPPORT OF DEFENDANT'S PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C., §§ 1332, 1441, 1446, 1543, 1711, ET SEQ.; AND 28 U.S.C. §§ 1334, 1452** on the interested parties in this action as follows:

Boris Treyzon, Esq.                          Attorneys for Plaintiff STEVE
Jonathon Farahi, Esq.                        ENRIQUEZ
ABIR COHEN TREYZON SALO, LLP
1901 Avenue of the Stars, Suite 935
Los Angeles, CA 90067
Tel:  (424) 288-4367
Fax: (424) 288-4368
E-Mail:  btreyzon@actslaw.com
          jfarajo@actslaw.com

**BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the persons at the address listed above and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with Payne & Fears LLP's practice for collecting and processing correspondence for mailing.  On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on June 24, 2019, at Irvine, California.

/s/ Terri M. Shaw
Terri M. Shaw

PROOF OF SERVICE

1   Leila Narvid, Bar No. 229402
    ln@paynefears.com
2   Jason I. Bluver, Bar No. 281784
    jib@paynefears.com
3   PAYNE & FEARS LLP
    235 Pine Street, Suite 1175
4   San Francisco, California 94104
    Telephone: (415) 738-6850
5   Facsimile:  (415) 738-6855
       --- and ---
6   Alana K. Ackels, (*pro hac vice pending*)
    aackels@bellnunnally.com
7   Brent A. Turman, (*pro hac vice pending*)
    bturman@bellnunnally.com
8   BELL NUNNALLY & MARTIN
    2323 Ross Avenue, Suite 1900
9   Dallas, Texas 75201
    Telephone: (223) 740-1400
10  Facsimile:  (223) 740-1499

11  Attorneys for Defendant THOMAS  DUNDON

12              **UNITED STATES DISTRICT COURT**

13            **NORTHERN DISTRICT OF CALIFORNIA**

14

15  COLTON SCHMIDT, individually and on        Case No. 3:19-cv-3666
    behalf of others similarly situated; REGGIE
16  NORTHRUP, individually and on behalf of     [San Francisco County Superior Court Case
    others similarly situated,                  No. CGC-19-575169]
17
                Plaintiffs,                     **DECLARATION OF THOMAS DUNDON**
18                                              **IN SUPPORT OF DEFENDANT'S**
            v.                                  **NOTICE OF REMOVAL OF CIVIL**
19                                              **ACTION UNDER 28 U.S.C. §§ 1332, 1441,**
    AAF PLAYERS, LLC, a Delaware Limited        **1446, 1453, AND 1711**
20  Liability Company, d/b/a/ The Alliance of
    American Football; THOMAS DUNDON, an
21  individual; CHARLES "CHARLIE"
    EBERSOL, an individual; LEGENDARY
22  FIELD EXHIBITIONS, LLC, a Delaware
    Limited Liability Company; AAF
23  PROPERTIES, LLC, a Delaware Limited
    Liability Company; EBERSOL SPORTS
24  MEDIA GROUP, INC., a Delaware
    Corporation; and DOES 1 through 200,
25  inclusive,

26              Defendants.

27

28

_____
DECLARATION OF THOMAS DUNDON IN SUPPORT OF DEFENDANT'S NOTICE OF REMOVAL OF CIVIL
ACTION

*(left margin, vertical)* PAYNE & FEARS LLP / ATTORNEYS AT LAW / 235 PINE STREET, SUITE 1175 / SAN FRANCISCO, CALIFORNIA 94104 / (415) 738-6850

EXHIBIT A, PAGE 66

## DECLARATION OF THOMAS DUNDON

I, Thomas Dundon, declare as follows:

1.    I am over 18 years of age, of sound mind, capable of making this declaration, and have personal knowledge of the facts stated herein. I have never been convicted of a crime involving moral turpitude. If called as a witness I could and would testify competently thereto.

2.    I am a resident of the County of Dallas in the State of Texas and have been continuously since the late 1990s. I have been a resident of the State of Texas for over 30 years.

3.    I have never been a resident of the State of California.

4.    I do not own or lease real property in California.

5.    I have never maintained a drivers' license or state identification card in the State of California.

6.    Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury the foregoing is true and correct.

I executed this declaration in _Dallas_, Texas, on June _24_, 2019.

By: _____
                THOMAS DUNDON

-2-
DECLARATION OF THOMAS DUNDON

PAYNE & FEARS LLP
ATTORNEYS AT LAW
235 PINE STREET, SUITE 1175
SAN FRANCISCO, CALIFORNIA 94104
(415) 784-6800

**PROOF OF SERVICE**

*Colton Schmidt, etc., et al. v. AAF Players, LLC, etc., et al.*
*United States District Court, Northern District Case No.* 3:19-cv-3666

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Orange, State of California. My business address is Jamboree Center, 4 Park Plaza, Suite 1100, Irvine, CA 92614.

On June 24, 2019, I served true copies of the following document(s) described as **DECLARATION OF THOMAS DUNDON IN SUPPORT OF DEFENDANT'S PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C., §§ 1332, 1441, 1446, 1543, 1711, ET SEQ.; AND 28 U.S.C. §§ 1334, 1452** on the interested parties in this action as follows:

Boris Treyzon, Esq.                          Attorneys for Plaintiff STEVE
Jonathon Farahi, Esq.                        ENRIQUEZ
ABIR COHEN TREYZON SALO, LLP
1901 Avenue of the Stars, Suite 935
Los Angeles, CA 90067
Tel: (424) 288-4367
Fax: (424) 288-4368
E-Mail: btreyzon@actslaw.com
           jfarajo@actslaw.com

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the address listed above and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Payne & Fears LLP's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury that the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on June 24, 2019, at Irvine, California.


_____/s/ Terri M. Shaw_____
Terri M. Shaw

PAYNE & FEARS LLP
ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

PROOF OF SERVICE

EXHIBIT A, PAGE 68

1

**PROOF OF SERVICE**

2

*Colton Schmidt, etc., et al. v. AAF Players, LLC, etc., et al.*
**San Francisco County Superior Court Case No. CGC-19-575169**

3

4  **STATE OF CALIFORNIA, COUNTY OF ORANGE**

5

At the time of service, I was over 18 years of age and **not a party to this action**.  I am
employed in the County of Orange, State of California.  My business address is Jamboree Center,

6  4 Park Plaza, Suite 1100, Irvine, CA 92614.

7

On June 28, 2019, I served true copies of the following document(s) described as

8  **NOTICE TO CLERK OF THE SUPERIOR COURT, COUNTY OF SAN FRANCISCO, OF
REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT FOR THE**

9  **NORTHERN DISTRICT OF CALIFORNIA** on the interested parties in this action as follows:

10

11  Boris Treyzon, Esq.                                      Attorneys for Plaintiffs
Jonathon Farahi, Esq.                                   Colton Schmidt and Reggie Northrup
ABIR COHEN TREYZON SALO, LLP          and The Putative Class

12  1901 Avenue of the Stars, Suite 935
Los Angeles, CA 90067

13  Tel: (424) 288-4367
Fax: (424) 288-4368

14  E-Mail: btreyzon@actslaw.com
            jfarahi@actslaw.com

15

16

17      **BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the
persons at the address listed above and placed the envelope for collection and mailing, following

18  our ordinary business practices.  I am readily familiar with Payne & Fears LLP's practice for
collecting and processing correspondence for mailing.  On the same day that the correspondence is

19  placed for collection and mailing, it is deposited in the ordinary course of business with the United
States Postal Service, in a sealed envelope with postage fully prepaid.

20

I declare under penalty of perjury under the laws of the State of California that the

21  foregoing is true and correct.

22      Executed on June 28, 2019, at Irvine, California.

23

24                                                                  Terri M. Shaw

25                                                              Terri M. Shaw

26

27

28

PAYNE & FEARS LLP
ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA - SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

PROOF OF SERVICE