Leila Narvid, Bar No. 229402
*ln@paynefears.com*
Jason I. Bluver, Bar No. 281784
*jib@paynefears.com*
PAYNE & FEARS LLP
235 Pine Street, Suite 1175
San Francisco, California 94104
Telephone: (415) 738-6850
Facsimile:  (415) 738-6855

Jeffrey S. Lowenstein *(admitted pro hac vice)*
*jlowenstein@bellnunnally.com*
Alana K. Ackels, Bar No. 277154
*aackels@bellnunnally.com*
Brent D. Hockaday *(admitted pro hac vice)*
*bhockaday@bellnunnally.com*
BELL NUNNALLY & MARTIN
2323 Ross Avenue, Suite 1900
Dallas, Texas 75201
Telephone:  (223) 740-1400
Facsimile:   (223) 740-1499

Attorneys for Defendant
THOMAS DUNDON

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| COLTON SCHMIDT, individually and on behalf of others similarly situated; REGGIE NORTHRUP, individually and on behalf of others similarly situated,<br><br>        Plaintiffs,<br><br>   v.<br><br>AAF PLAYERS, LLC, a Delaware Limited Liability Company, d/b/a/ The Alliance of American Football; THOMAS DUNDON, an individual; CHARLES "CHARLIE" EBERSOL, an individual; LEGENDARY FIELD EXHIBITIONS, LLC, a Delaware Limited Liability Company; AAF PROPERTIES, LLC, a Delaware Limited Liability Company; EBERSOL SPORTS MEDIA GROUP, INC., a Delaware Corporation; and DOES 1 through 200, inclusive,<br><br>        Defendants. | Case No. 3:19-CV-03666-CRB<br><br>**Hon. Charles R. Breyer**<br><br>**REPLY IN SUPPORT OF DEFENDANT THOMAS DUNDON'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**<br><br>Judge:     Hon. Charles R. Breyer<br>Date:      August 23, 2019<br>Time:     10:00 a.m.<br>Crtrm.:    6, 17th Floor<br><br>Action Filed:    April 10, 2019<br>Trial Date:     None Set |

Defendant Thomas Dundon ("Defendant" or "Dundon") files this Reply to Plaintiffs Colton Schmidt, Reggie Northrup, individually, and on behalf of others similarly situated (collectively, "Plaintiffs") Opposition to Defendant's Motion to Dismiss for Lack of Personal Jurisdiction [ECF No. 17] (the "Opposition").

## I. SUMMARY

The Court should dismiss Dundon because the Opposition failed to even address or counter *any* of the evidence or supporting factual allegations Dundon raised in the Motion to Dismiss for Lack of Personal Jurisdiction (the "Motion"). Dundon established his infrequent and insubstantial contacts with California—none of which relate to the present litigation—are insufficient for this Court to exercise personal jurisdiction over him. Indeed, Plaintiffs confirmed Dundon performed no specific acts related to this lawsuit in his individual capacity, much less any capacity sufficient to establish minimum contacts in California.

Dundon further showed Plaintiffs failed to carry their burden to elicit facts supporting *some* jurisdictional connection to allow this Court to exercise jurisdiction over Dundon. While Plaintiffs concede there is no general jurisdiction over Dundon, they argue for specific jurisdiction because (1) the existence of a contract between Dundon Partners, LLC ("DCP")—a *non-party* entity—and Defendant Ebersol Sports Media Group, LLC ("ESMG"), and (2) Dundon's purported involvement with AAF Players, LLC ("AAF"). Both arguments lack merit.

Foremost, the fiduciary shield doctrine prohibits implicating Dundon in his individual capacity because of a contract entered by DCP. Even if it could, the Court cannot impute jurisdiction over Dundon individually based upon some contractual obligations being discharged in California. It does not establish minimum contacts. *See Picot v. Weston*, 780 F.3d 1206, 1212–13 (9th Cir. 2015)

> We conclude that Picot has not demonstrated that Weston had sufficient minimum contacts with California to subject him to specific personal jurisdiction there. The agreement at issue was formed in Michigan, where Weston lived, where it was understood Weston would perform the majority of his work, and where Weston did indeed discharge most of his contractual duties. Despite Weston's lack of ties to California, Picot [argues] that the oral agreement created a substantial connection between Weston and California because Picot, a co-party to the agreement, fulfilled his

>obligations under the agreement by seeking out investors and buyers in California. This argument would mistakenly allow a plaintiff's contacts with the defendant and forum to drive the jurisdictional analysis. But our inquiry is limited to examining contacts that proximately result from actions by the defendant himself. Therefore, the fact that a contract envisions one party discharging his obligations in the forum state cannot, standing alone, justify the exercise of jurisdiction over another party to the contract.

Plaintiffs' second argument conflates Dundon's purported actions on behalf of two entities with individual actions that justify the exercise of jurisdiction over Dundon in his personal capacity. Plaintiffs provided no evidence or even allegations that would overcome the long-standing fiduciary shield doctrine. *See e.g., LeDuc v. Kentucky Cent. Life Ins. Co.*, 814 F. Supp. 820, 824 (N.D. Cal. 1992) ("The mere fact that a corporation is subject to general jurisdiction does not mean that its non-resident officers and directors are subject to jurisdiction as well.") Critically absent from both the Complaint and the Opposition is any competent evidence or allegations to undercut California's general presumption of respecting the business entity and insulating its officers and directors from individual liability.  Simply put, Plaintiffs' conclusory arguments supported only by "information and belief" allegations of their counsel are not enough to establish personal jurisdiction over Dundon. *See Precision Transducer Sys. v. STFO Trading LLC*, 2009 WL 10700319, at *4 (C.D. Cal. 2009) ("Allegations based upon information and belief are insufficient to demonstrate personal jurisdiction.") (citing *Silverstein v. Experienced Internet.com, Inc*., 2005 WL 1629935, *3 (N.D. Cal. 2005) (holding the plaintiff failed to make an adequate showing of personal jurisdiction where all of that plaintiff based all jurisdictional allegations in the complaint on information and belief and failed to submit other competent evidence demonstrating personal jurisdiction)).

Even if the Court disregarded Plaintiffs' shortcomings and found Dundon *personally* maintained sufficient minimum contacts with California, Plaintiffs failed to carry their burden in the second prong of the *Roth/Palvovich* jurisdictional analysis: establishing a "but for" link between those contacts and the purported harm Plaintiffs suffered.  And in their attempt—albeit nonsensical,

conclusory, and replete with speculation and conjecture[1]—Plaintiffs miss the mark entirely. Six of the eight causes of action in the Complaint are contract based—a contract to which Dundon is neither a party nor a signatory. Because Dundon cannot be personally liable, he could not have been a "but for" cause of Plaintiffs' alleged harm for any supposed breach of contract.

Plaintiffs, however, attempt to argue "but for statements Dundon made on February 19, 2019, Plaintiffs would not have risked their bodies and health." As an initial matter, the alleged statement made during an interview on a North Carolina sports radio station is not an oral contract with any promise to any plaintiff. Second, and notably absent from the Opposition is a sworn affidavit or declaration from *any* of the 412 putative class members—not even the named Plaintiffs—asserting that but for Dundon's statements, they would have quit the league and pursued alternative opportunities.

To the extent the Court deems it necessary to analyze the third prong, Plaintiffs failed to rebut Dundon's bases for exercising jurisdiction over him in this case and presented no credible argument or evidentiary support for why this Court's exercise of specific jurisdiction over Dundon would not offend the notions of fair play and substantial justice. Notably, the Complaint itself — brought on behalf of a nationwide class of approximately 412 putative class members, only a fraction of whom resided in California during the time of the alleged wrongful conduct—belies Plaintiffs' "vehement" argument that California maintains a manifest interest in adjudicating this action. Further, Plaintiffs undercut their claimed allegiance to California's jurisdiction by filing of a Proof of Claim in San Antonio Bankruptcy Court.

For these reasons and as Dundon articulates below, the Court should dismiss Dundon from this action for lack of jurisdiction.

---

[1] Plaintiffs, without any supporting evidence, claim Dundon fraudulently invested in ESMG to "acquire a smartphone application owned by [the FAA]." Notably, that application never became Dundon's personal property and was recently sold to MGM Resorts International Operations, Inc. as part of AAF's Chapter 7 bankruptcy petition—a sale that occurred before Plaintiffs made the misleading claim.

## II. REPLY ARGUMENTS IN SUPPORT OF MOTION TO DISMISS

**A. Plaintiffs presented no evidence to bolster their conclusory jurisdictional statements in the Complaint or any countervailing evidence or argument to negate Dundon's evidence establishing a lack of contacts with California.**

The plaintiff must "present facts demonstrating that the conduct of defendants related to the pleaded causes is such as to constitute constitutionally cognizable 'minimum contacts.'" *DVI, Inc. v. Superior Court*, 104 Cal. App. 4th 1080, 1090-1091, 128 Cal.Rptr.2d 683 (2002) (internal citation omitted). "An unverified complaint has no evidentiary value in meeting the plaintiff's burden of proving minimum contacts." *Id.* at 1091; *Thomson v. Anderson*, 113 Cal. App. 4th 258, 266, 6 Cal.Rptr.3d 262, 267 (2003).

Absent from the pleadings or the Opposition are any non-conclusory or evidentiary facts disproving or disputing Dundon's claims that he performed no action in his individual capacity with regard to the pending claims. *See* ECF No. 17. Plaintiffs' failure to address these facts or present any sufficient evidence to counter Dundon's affidavit are fatal to their claim that this Court can exercise personal jurisdiction over Dundon. Accordingly, the undisputed evidence favors dismissal because the Court "need not consider merely conclusory claims, or legal conclusions in the complaint as establishing jurisdiction." *NuCal Foods, Inc. v. Quality Egg LLC*, 887 F. Supp. 2d 977, 993 (E.D. Cal. 2012) (citing *China Technology Global Corp. v. Fuller, Tubb, Pomeroy & Stokes*, No. C 05-01793 JW, 2005 WL1513153, at *3 (N.D. Cal., June 27, 2005)).

**B. Plaintiffs' Opposition arguments fail to establish specific personal jurisdiction.**

*1. Plaintiffs cannot prove personal jurisdiction over Dundon through DCP's contract with ESMG or Dundon's purported conduct associated with the AAF.*

Plaintiffs rest their claim of specific personal jurisdiction on DCP's business relationship with ESMG and Dundon's purported involvement with the AAF. Foremost, Plaintiffs failed to address Dundon's evidence or contentions that he never conducted business in his individual capacity or acting as a representative of the aforementioned entities in California.

California provides a "general presumption in favor of respecting" business entities as separate and distinct from individual owners. *NuCal Foods, Inc.*, 887 F. Supp. 2d at 993; *Monaco v. Liberty Life Assur. Co.*, No. C06-07021 MJJ, 2007 WL 1140460, at *4 (N.D. Cal. Apr. 17, 2007);

PAYNE & FEARS LLP
ATTORNEYS AT LAW
235 PINE STREET, SUITE 1175
SAN FRANCISCO, CALIFORNIA 94104
(415) 738-6850

*Sonora Diamond Corp. v. Superior Court,* 83 Cal.App.4th 523, 538, 99 Cal.Rptr.2d 824 (2000) ("a corporation is regarded as a legal entity, separate and distinct from its stockholders, officers and directors, with separate and distinct liabilities and obligations.") (citing *Wenban Estate v. Hewlett,* 193 Cal. 675, 696, 227 P. 723 (1924)); *Goehring v. Superior Court (Bernier)*, 62 Cal.App.4th 894, 904–905, 73 Cal.Rptr.2d 105 (1998) ("[J]urisdiction over a partnership does not necessarily permit a court to assume jurisdiction over the individual partners. 'Liability and jurisdiction are independent.'") (citing *Sher v. Johnson*, 911 F.2d 1357, 1365 (9th Cir. 1990)); *Comercializadora Recmaq v. Hollywood Auto Mall, LLC,* No. 12-CV-0945-AJB-MDD, 2014 WL 3628272, at * 7 (S.D. Cal., July 21, 2014) ("The imposition of alter ego liability on an individual member who does business through a legal entity such as a LLC is an equitable remedy that must be imposed with caution.") (internal citations omitted)).

The party seeking to impute jurisdictional contacts on an individual through the acts of a business entity bears the burden of proof. *Johnson v. Serenity Transportation, Inc.*, 141 F.Supp.3d 974, 984 (N.D. Cal. 2015). To impute jurisdiction over an individual through the actions of an entity requires an alter ego showing. *S.E.C. v. Hickey*, 322 F.3d 1123, 1128 (9th Cir. 2003). "There is a strong presumption against disregarding corporate identities and finding a person to be the alter ego of a corporation." *Johnson*, 141 F.Supp.3d at 984 (internal quotation omitted). California requires two conditions to establish alter ego: "(1) there is such a unity of interest and ownership that the individuality, or separateness of the [defendant] and corporation has ceased and (2) the facts are such that an adherence to the fiction of the separate existence of the corporation would … sanction a fraud or promote injustice." *Whitney v. Arntz,* 320 Fed.Appx. 799, 800 (9th Cir. 2009) (quoting *Wood v. Elling Corp.*, 20 Cal.3d 353, 364, 142 Cal.Rptr. 696 (1977)).

Here, Plaintiffs failed to allege, much less attempt to make any sort of factual or evidentiary showing of, the requisite unity to allow Dundon's actions as a DCP officer or purported involvement with the AAF to be treated as an alter ego of either entity. Even assuming Plaintiffs could establish such a relationship, Plaintiffs cite no legal authority and present no evidence to support the notion that "Dundon's assumption as chairman of [ESMG] satisfies the purposeful availment test." *See* ECF No. 17, p. 6. "A corporate officer who has contact with a forum only with regard to the

performance of his official duties is not subject to personal jurisdiction in that forum." *Kransco Mfg., Inc. v. Markwitz*, 656 F.2d 1376, 1379 (9th Cir. 1981). Stated differently, "the mere fact that an individual is associated with or employed by a corporate defendant over which the court has personal jurisdiction does not confer personal jurisdiction with respect to the individual." *Braca v. Bai Brands, LLC,* No. 3:18-CV-00757-BEN-KSC, 2019 WL 1082562, at *18 (S.D. Cal., Mar. 7, 2019) (citing *Davis v. Metro Prod., Inc*., 885 F.2d 515, 520 (9th Cir. 1989)). Therefore, the Court should dismiss Dundon from this action because it cannot exercise personal jurisdiction over him in his individual capacity.

### 2. *Plaintiffs' "but for" claims under the Roth/Pavlovich analysis are nonsensical and conclusory.*

Even assuming the Court construed Dundon's purported actions as an entity representative as enough to establish minimum contacts for Dundon individually, Plaintiffs' argument for relatedness is nonsensical and conclusory. *Pavlovich v. Superior Court*, 29 Cal.4th 262, 269, 127 Cal.Rptr.2d 329 (2002) (A defendant must "purposefully and voluntarily direct his activities toward the forum so that he should expect, by virtue of the benefit he receives, to be subject to the court's jurisdiction based on his contacts with the forum.") (internal citations omitted)); *Callaway Golf Corp. v. Roya Canadian Golf Ass'n,* 125 F.Supp.2d 1194, 1204 (C.D. Cal. 2000) (Purposeful availment "is met if, 'but-for' a defendant's forum-related activities through which a defendant avails itself of the forum, the plaintiff would not have suffered injury") (citing *Ballard v. Savage,* 65 F.3d 1495, 1500 (9th Cir. 1995)).

Plaintiffs claim in conclusory fashion that "but for [Dundon's] initial investment in [ESMG], Class Members would not have relied on Dundon's statements and would not have suffered injury." ECF No. 17, p. 11. But Dundon did not enter the picture until *after* Plaintiffs executed their respective contracts, the league began play, and Plaintiffs "risked their bodies," and "risked their health." *Id.* at p. 11-12. The absence or presence of Dundon's investment played no role in Plaintiffs' purported "injuries." Notwithstanding Plaintiffs' timing conundrum, they fail to provide any

support for the relatedness notion beyond mere conclusory statements in the Complaint. *See NuCal Foods, Inc.*, 887 F.Supp.2d at 988.

### 3. Plaintiffs failed to show how this Court's exercise of jurisdiction over a Texas resident with insufficient minimum contacts with California would not offend the traditional notions of fair play and substantial justice.

Plaintiffs likewise rest their contention for the third prong of the jurisdiction analysis on conclusory statements and flawed legal analysis. *Compare* ECF No. 17 *with Sinatra v. National Enquirer, Inc.,* 854 F.2d 1191, 1198 (9th Cir. 1988). "The court examines seven factors to determine reasonableness: the extent of purposeful interjection; the burden on the defendant; the extent of conflict with sovereignty of the defendant's state; the forum state's interest in adjudicating the suit; the most efficient judicial resolution of the dispute; the convenience and effectiveness of relief for the plaintiff; and the existence of an alternative forum." *Sinatra,* 854 F.2d at 1198-119. Only the third factor remains neutral at this stage and all others remain in conflict.

For the first factor—purposeful injection into the forum state's affairs—Plaintiffs improperly rely upon DCP's contract with ESMG and Dundon's purported association with the AAF as support that the factor favors Plaintiffs. As addressed *supra* and in the Motion, Plaintiffs improperly conflate Dundon's individual actions with the actions of entities. Plaintiffs also failed to negate the proposition that Dundon's three limited trips unrelated to the issues in this lawsuit somehow equate to "purposeful interjection."

With regard to the second factor—burden on the defendant—Plaintiffs contend litigating in a foreign jurisdiction is no burden to Dundon as an individual because modern technology allows Dundon to travel. That is a false conclusion.

Although Plaintiffs "vehemently disagree" that the fourth factor is neutral at this stage or that the fifth, sixth, and seventh factors favor Plaintiffs, their recent filing in the Texas Bankruptcy Court undercuts any credibility to all of these assertions. Indeed, Plaintiffs are now litigating in Texas. *See* ECF 19-50900-cag, Proof of Claim #214[2]; *United States v. Black*, 482 F.3d 1035, 1041

---

[2] Plaintiffs filed the Proof of Claim, attached as Exhibit "A," on July 15, 2019—15 days after

(9th Cir. 2007) (Courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those matters have a direct relation to matters at issue."). Accordingly, there clearly exists an alternative forum—one to which Plaintiffs already availed themselves and are pursuing their claims.  Further, the Opposition provides no support for why California has a unique interest in adjudicating the dispute when Texas federal courts are equally capable.  Finally, only one of the named plaintiffs purports to be a California resident, while the other named plaintiffs and purported class members include residents from states across the country. Accordingly, Dundon established and Plaintiffs failed to refute this Court lacks personal jurisdiction over him, and therefore should dismiss him from this lawsuit.

Defendant Thomas Dundon respectfully requests that the Court dismiss him from this lawsuit because the Court lacks personal jurisdiction over him.

DATED: July 22, 2019

PAYNE & FEARS LLP
Attorneys at Law

By: */s/ Leila Narvid*
LEILA NARVID
JASON I. BLUVER

Attorneys for Defendant THOMAS DUNDON

DATED:  July 22, 2019

BELL NUNNALLY & MARTIN
Attorneys at Law

By: */s/ Brent D. Hockaday*
JEFFREY S. LOWENSTEIN
ALANA K. ACKELS
BRENT D. HOCKADAY

Attorneys for Defendant THOMAS DUNDON

4851-6939-2285.1

---

Dundon filed his Motion to Dismiss for Lack of Personal Jurisdiction. Dundon attached this document as an exhibit because it is relevant and important in supporting Dundon's assertion of the unreasonableness of the present venue, and that the Court lacks personal jurisdiction over him. Alternatively, Dundon asks the Court to take judicial notice of the same.

## PROOF OF SERVICE

***Colton Schmidt, et al. v. AAF Players, LLC, et al.***
U.S. District Court, Northern District of California, Case No. 3:19-cv-03666-CRB

**STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of San Francisco, State of California. My business address is 235 Pine Street, Suite 1175, San Francisco, CA 94104.

On July 22, 2019, I served true copies of the following document(s) described as **REPLY IN SUPPORT OF DEFENDANT THOMAS DUNDON'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION** on the interested parties in this action as follows:

| | |
|---|---|
| Boris Treyzon, Esq.<br>Jonathon Farahi, Esq.<br>ABIR COHEN TREYZON SALO, LLP<br>16001 Ventura Boulevard, Suite 200<br>Encino, CA 91436<br>Tel: (424) 288-4367<br>Fax: (424) 288-4368<br>Email: btreyzon@actslaw.com<br>jfarahi@actslaw.com | Attorneys for Plaintiffs<br>Colton Schmidt and Reggie Northrup<br>and The Putative Class |

☒ **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on July 22, 2019, at San Francisco, California.

_____
Marcie Koyle

PROOF OF SERVICE